# WHEELING.

## STATE *v.* HUDKINS.

Submitted June 11, 1891.—Decided June 20, 1891.

1. CRIMINAL PROCEEDINGS—JURY—NEW TRIAL.
    Where the record shows that the prisoner was tried by a jury of thirteen jurymen, instead of twelve, the verdict should be set aside and a new trial ordered.

2. CRIMINAL PROCEEDINGS—AUTREFOIS ACQUIT—VERDICT.
    When the plea of not guilty and a special plea of *autrefois acquit* are pleaded at the same time, the law and practice in this State do not imperatively require two trials by separate juries, but the matter is within the sound legal discretion of the judge before whom the trial is conducted; but in all cases, when both issues are tried by a single jury, the verdict must respond to both issues separately.

3. CRIMINAL PROCEEDINGS—ATTORNEY AT LAW.

In all criminal trials in this State the attorney for the commonwealth is entitled to open and conclude before the jury.

4. CRIMINAL PROCEEDINGS—AUTREFOIS ACQUIT—EVIDENCE—RECORD.

Under a plea of former acquittal parol or extrinsic evidence may be admitted to establish or disprove the identity of the offence or of the person. These are matters of fact, to be established *dehors* the record; but as to the form or substance of the indictment or exceptions thereto the record alone can be vouched or received as evidence. If the indictment appears to have been sufficient on the former trial, neither the prisoner nor the State can be heard to say that it was otherwise. The record, when produced, proves itself and is conclusive of all matters provable thereby and can not be contradicted, amended nor supplemented by parol testimony of what took place at the trial.

*R. S. Blair & Son* for plaintiff in error, cited 27 Gratt. 955, 976 ; 25 W. Va. 226, p't 4, Syll.; 27 Gratt. 934, 940, 942 ; 9 Yeag. 357 ; 10 W. Va. 794 ; 4 W. Va. 755.

*Attorney-General Alfred Caldwell* for the State cited 2 Leach 708 ; 1 Leach 448 ;2 C. & P. 635; 12 Serg. & R. 391 ; 8 Allen 545 ; 13 Mass. 455 ; 105 Mass. 53 ; 33 Ala. 389 ; 39 Ala. 229 ; 26 Ark. 260 ; 42 Ind. 420 ; 2 Va. Cas. 273 ; 1 Bish. Cr. Proc. § 752 ; Thomp. & M. Jur. §§ 6, 7 ; 31 W. Va. 162.

LUCAS, PRESIDENT :

This was an indictment in the Circuit Court of Ritchie county against the defendant for throwing stones and other dangerous missiles into a passenger-car of the Baltimore & Ohio Railroad Company. The indictment was framed under our statute upon the subject, and conformed substantially to the language of the statute. See Code, c. 145. There was a motion to quash, which was overruled. The prisoner then pleaded not guilty ; also filed a special plea setting up the fact of a former acquittal. In addition to the general replication, the State filed a special replication, which sets up that the defendant on the former trial was not acquitted by the jury upon the facts and merits, but that he was acquitted upon exceptions to the form and substance of the former indictment. The prisoner demanded a separate trial upon the plea of *autrefois acquit*, but the

court refused to impanel a separate jury, and proceeded to try the prisoner upon both pleas by the regular jury, which is assigned as error. The prisoner further demanded that he was entitled to conclude the argument upon the special plea before the jury, but the court overruled his claim. Upon the trial the prisoner was found guilty by the jury, and the court gave judgment sentencing him to confinement in the penitentiary for two years.

It appears by the record, and it is assigned as error, that thirteen jurors were impanelled, and rendered the verdict of which the prisoner complains. The State asked the court to give an instruction in the language of section 15, c. 152 of the Code, but the court declined to do so, and in lieu thereof gave two instructions as follows: "No. 1. If the jury believe from the evidence that Thomas Hudkins was acquitted at the October term, 1888, of this court, of the offence with which he is now charged, upon an exception to the form or substance of the indictment on which he was then tried, and not upon the facts and merits, then such acquittal is no bar to the present prosecution. No. 2. If the jury believe from the evidence that Thomas Hudkins, at the October term, 1888, was acquitted by the jury for the same offence with which he is now charged on the facts and merits, then he is entitled to be acquitted, notwithstanding the indictment on which he was then tried may have been defective." The giving of these two instructions is assigned as error in the third bill of exceptions, but we see no error in them.

After verdict of guilty, the prisoner moved the court to set aside the verdict and grant him a new trial, to which action of the court the prisoner excepted, and the evidence taken on the trial is set out in full.

The first difficulty which arises in this case is easily disposed of. It seems to be conceded by the Attorney General that in a felony case a verdict by thirteen jurors against the prisoner can not be sustained. Section 14 of the Bill of Rights provides: "Trials of crimes and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay, in the county where the alleged offence was committed,

unless for good cause shown it shall be removed to some other county." Even if the benefit of this provision could be waived by the prisoner in a felony case, such waiver would have to appear clearly and affirmatively by the record. In the case of *Younger* v. *State* it was so held by this Court. 2 W. Va. 569. For this cause, therefore, the judgment of the Circuit Court must be reversed and set aside.

The further assignment of error is that the court below declined to permit a separate jury to be impanelled for the purpose of trying the issue raised upon the plea of a former acquittal. There can be no doubt that the practice in England, as laid down by Mr. Bishop, is to require this issue of a former acquittal to be tried by a separate jury, and, if found against the prisoner, he is permitted to plead over to the indictment. As to the American practice, however, in section 812 of his work on Criminal Procedure, (vol. 1) Mr. Bishop adds: "Where the special plea and not guilty are pleaded together, the better practice is not to try them together, but to submit the former to the jury first. Still, some American courts appear to allow it, when accompanied by the instruction to the jury to pass on the former first, and disregard the latter if they find on the former for the defendant. But, even then, a verdict of guilty, with no response to the special plea, will be erroneous." This appears to be the practice in this State and in the state of Virginia; that is to say, there is no imperative rule requiring the issue upon a special plea of a former acquittal to be tried by a separate jury. Our Code in a chapter devoted to the trial of criminal cases, felonies and misdemeanors, does not provide for a separate issue, except in cases where insanity has been suggested. Had it been intended that special pleas in bar should be tried by a separate jury as an imperative rule, the legislature, no doubt, would have so provided. It is a fair inference, we think, that it was the intention of the legislature to leave this matter to the sound legal discretion of the judge who decides the case.

In the case of *Vaughan* v. *Com.*, 2 Va. Cas. 273, the plea of not guilty and the plea of *autrefois acquit* were tried at

one and the same time by the same jury, and the verdict found distinctly upon both issues; and this seems not to have been considered error.

In *Page's Case*, 27 Gratt. 954, the issue on the plea of *autrefois acquit* was tried first, and the general issue of not guilty was tried by a separate jury. It is to be observed, however, that in that case eight of the jurors who had tried the special plea were included in the new panel that tried the general issue; and this was not considered error.

I think it quite clear, however, as insisted upon by Mr. Bishop, that the jury should respond separately to both issues. In the absence of legislation on the subject, and in view of the precedents in Virginia and this State, the better rule may be stated to be that it is not imperative to have two juries, but that this matter is within the sound legal discretion of the trial judge before whom the trial is conducted.

A further error assigned by the prisoner is that his counsel was not given the conclusion upon the issue made up on the special plea. This exception is disposed of at once by the authority and ruling of this Court in *State* v. *Schnelle*, 24 W. Va. 767, in which it was held that in all criminal trials the State was entitled to open and conclude.

We come now to consider the verdict of the jury and the motion to set aside and grant a new trial. Independently of the fatal error which the record discloses, that there were thirteen jurors, we can not resist the conclusion that the verdict was erroneous in form, and the finding itself contrary to the law and evidence. The jury, as we have said, should have found distinctly upon both issues, which they failed to do. The special plea sets out in full the record of the former trial and avers, moreover, that the cause was heard and determined on its merits, and a verdict of acquittal rendered. To this plea the State replied specially, "that the State ought not to be barred from further prosecuting the said indictment, because the defendant, Thomas Hudkins, was not acquitted by the jury upon the facts and merits on a former trial on this indictment, but was acquitted thereon upon exceptions to the form and substance of said former indictment."

It will be observed that the plea concedes the identity of the offence and the identity of the  person, but  denies that the acquittal was upon the  merits, and  avers that  it  was upon exceptions to the indictment.    The  provision of the Code upon this subject is as follows :

· "(14)  A person acquitted by the jury upon  the facts and merits on a former trial  may plead  such acquittal in bar of a second prosecution for the same offence, notwithstanding any defect in the form  or  substance of the  indictment or accusation on which he was  acquitted.    (15)  A person acquitted of  an offence on the ground of a variance between the allegations  and the  proof of the  indictment or  other accusation, or upon an exception to  the  form or substance thereof, may be arraigned  again upon a  new indictment or other  proper accusation, and  tried and  convicted of the same offence, notwithstanding such former acquittal."

It is important to consider how far parol  testimony may be admitted to sustain an issue made up under either or both of these two sections.    It is quite clear  that parol or extrinsic testimony may be given  to  establish the identity of either the person of the prisoner or  the  identity of the offence.    These are matters of fact, to be established *dehors* the record ; but as to the form or substance of the  indictment or exceptions thereto, the record alone can vouch or be received as evidence.  If the indictment appears to have been sufficient on a former trial, neither the prisoner nor the State can be heard to say that it was otherwise.    If it be said that although the indictment is on  its face sufficient, yet the presiding judge at the  former trial decided  otherwise, and directed an acquittal after the jury was sworn, all this must be provided by the record, or, at all events, no extrinsic or parol testimony can be received to contradict the record.

In *Adcock's Case*, 8 Gratt. 661, it was alleged by the prisoner that three terms had intervened without an indictment, and he moved for his discharge upon this ground.    The attorney for  the  commonwealth opposed the prisoner's motion, and offered to introduce the record of the proceedings of the Circuit Court upon the  first  indictment, showing, or purporting to show, that the prisoner had not only been indicted, but tried upon the indictment in due time,

and found guilty by the verdict of the jury. To the introduction of this evidence the prisoner objected, and, his objection being overruled, the question was certified to the General Court, as follows: "Ought the court, on the said motion of the prisoner to be discharged, to receive and consider the record and proceedings offered by the attorney of the commonwealth?" To this the General Court replied: "The first question is free of all doubt and difficulty, admitting of a prompt and easy solution. We are all agreed that the evidence objected to ought to be received and considered; indeed, it is the only evidence admissible or competent on such an issue." 8 Gratt. 668.

This is in accordance with the general principle that matter of record can only be proved by the introduction of the record itself, and, when introduced, it can neither be contradicted, supplemented nor amended by extrinsic testimony.

In *Powell's Case*, 11 Gratt. 822, an application was made, on the part of the prisoner, to the judge in vacation, to amend the record; and the judge made an order directing that the record should be amended so as to show that, upon the arraignment of the prisoner for the offence aforesaid, he, by his counsel, moved the Court to quash the indictment, and each count thereof, which motion was overruled, but was omitted to be entered upon the record. When the case came to the Court of Appeals the amendment was disregarded, and it was held that nothing could be introduced into the record as a part thereof not before found therein, depending on the recollection of the judge, or upon proofs to be submitted to him.

In the present case the former indictment was as follows: "It was presented that the said Thomas Hudkins on the —— day of ———, 1886, in the county aforesaid, unlawfully and feloniously did throw stones and other dangerous missiles at and into a certain passenger-car and other railroad cars, used for carrying passengers and other persons, while such passengers and other persons were within the same, against the peace and dignity of the State." This is the exact language of the statute (see Code, c. 145, s. 31) and it appears to be sufficient. The record discloses that no exceptions were taken to this indictment, although the rep-

lication in this case alleges that the former acquittal was founded upon exceptions to the form and substance of the indictment. The State attempted to supplement and contradict the record on this point by parol testimony, but this was clearly inadmissible.

Again, the record says that the jury was " selected, tried, and sworn to well and truly try and true deliverance make between the State of West Virginia and Thomas Hudkins, the prisoner at the bar, and a true verdict render according to the law and the evidence; who, after hearing the evidence and argument of counsel, were sent to their chamber to consider of their verdict, and after some time returned into court, and upon their oaths did say : 'We, the jury, find the defendant, Thomas Hudkins, not guilty as charged in the within indictment.' " Nevertheless, the State undertook to prove by oral evidence that the testimony on the former trial was excluded by the Court. This was in plain contradiction of the record, and in manifest violation of the rules of evidence upon this subject.

Mr. Bishop, in his work on Criminal procedure (vol. 1, section 816) says : " The former record is produced, and for what is provable thereby it is conclusive. Nor can the matter of the record be proved otherwise than by itself. There must be no variance between it and the plea. The identity of the parties and of the offence is established by parol testimony. * * * If the identity alike of the parties and of the offence is conceded, it becomes a question for the Court, whether or not there has been a previous conviction or acquittal." This is in entire accord with the Virginia decisions and the ancient common law authorities. 2 Hale, P. C. 241 ; *Rex* v. *Sheen*, 2 Car. & P. 635.

We are of opinion, therefore, that the court below erred in not directing an acquittal, or in not setting aside the verdict, and discharging the prisoner (who, it seems, is already in the penitentiary upon conviction of a distinct felony) from further prosecution upon the charge for which he stood indicted. For these reasons, therefore, the judgment of the Circuit Court must be reversed, the verdict set aside, and a new trial awarded.

REVERSED. REMANDED.