## Ex parte GLENN.

### (Circuit Court, N. D. West Virginia. October 8, 1901.)

1. **CRIMINAL LAW—FORMER JEOPARDY—DISCHARGE OF JURY.**

    A prisoner once tried for felony before a jury regularly impaneled, which failed to agree, and was discharged by the court without the prisoner's consent, and without any actual, imperious necessity, cannot under the fifth constitutional amendment, be retried for the same offense

2. **SAME—WAIVER.**

    A prisoner on trial for a felony cannot waive any constitutional rights.

3. **SAME—SILENCE OF PRISONER.**

    The fact that a prisoner made no objection to the discharge of the jury, but remained silent, is not a consent to such discharge.

4. **SAME—STATUTE OF WEST VIRGINIA.**

    Code W. Va. c. 159, § 7, which provides that "in any criminal case the court may discharge the jury when it appears that they cannot agree in their verdict," as construed by the courts of Virginia, from which it was substantially adopted, does not authorize the discharge of a jury and the holding of the prisoner for another trial unless the record shows that such discharge was with the prisoner's consent or from imperious necessity. Any other construction would render it invalid.

5. **JURISDICTION OF FEDERAL COURTS—HABEAS CORPUS—DISCHARGE OF STATE PRISONER.**

    A circuit court of the United States has jurisdiction to discharge on habeas corpus a prisoner held for trial on indictment in a state court, where he is restrained of his liberty in violation of the constitution of the United States.[1]

Caldwell & Watson, John F. Laird, and J. G. McCluer, for petitioner.

Hunter H. Moss, Jr., for the State.

JACKSON, District Judge. Ellis Glenn, claiming to be a citizen of the state of Illinois, has presented her application to the judge of this court, praying for a writ of habeas corpus, and that she may be discharged from custody and from further trial in the criminal court of Wood county, in this state. Her petition admits upon the face of it that she stands indicted in the criminal court of Wood county for forgery, and that at the May term of the criminal court of Wood county, before the judge of that court, a jury was impaneled to try and true deliverance make between the petitioner and the state of West Virginia upon said indictment, and after three weeks of trial, on the 30th day of July, 1901, the jury before which she was tried was illegally discharged by the judge of the criminal court of Wood county. The petitioner alleges that the jury was not discharged with her consent, nor because of the sickness of the jury nor the expiration of the term, or for any other necessary cause, as shown by the records of the said criminal court in the order discharging said jury, but was the voluntary act upon the part of the said criminal court, without consulting the defendant, as the records heretofore referred to show; that the order discharging the said jury does not show that the jury could not agree upon a verdict,

[1] Jurisdiction of federal courts in habeas corpus proceedings, see note to In re Huse, 25 C. C. A. 4.

but that they were not able to agree, nor does the order of the court show any imperious necessity, or in fact any actual necessity, for discharging the jury. After the discharge of the jury she was required to enter into a recognizance in the sum of $1,000 for her appearance at the next term of the court (the September term, 1901, of the said criminal court of Wood county), to be retried on said indictment, or to be confined in the county jail. Upon this petition the judge of this court made a rule requiring the sheriff of Wood county to produce the petitioner, the prisoner, upon the 7th day of October, 1901, before the judge at chambers, to show cause why a writ of habeas corpus should not issue, and the prisoner be discharged from custody. The sheriff appeared and produced the body of the petitioner, and stated that she was in his custody, charged with forgery in the criminal court of Wood county, as shown by a certified copy of the indictment pending against her. Accompanying this return was the answer of Hunter H. Moss, Jr., prosecuting attorney of Wood county, denying all the allegations of the petition of the prisoner, and insisting that the prisoner should not be discharged from the custody of the criminal court for the reasons assigned in the petition, and insisting, under the statute of West Virginia, that she is not entitled to be discharged because of the inability of the jury to agree in their verdict. Upon the part of the petitioner it is insisted that another and second trial of the case is in violation of the constitution of the United States, which says "that no person shall be subject for the same offense to be put twice in jeopardy of life or limb." Amend. 5. This provision of the constitution has been the subject of a great deal of judicial discussion as to what is meant by the word "jeopardy." If we look to the ordinary definition of the word, we find that it means exposure to or danger of death, loss, or injury; danger; hazard; peril. It is a maxim of the common law of England that no man is to be brought into jeopardy of his life more than once for the same offense. 4 Bl. Comm. c. 26, p. 335. It is but reasonable to suppose that, when the framers of the fifth amendment to the constitution provided "that no person shall be subject for the same offense to be put twice in jeopardy of life or limb," they had in view what is regarded as the universal maxim of the common law. It has been well remarked that when a person is placed on trial upon a valid indictment, before a competent court and jury duly sworn, he is put in jeopardy, and in such cases the discharge of a jury duly sworn without a verdict, unless by consent of the accused entered of record, or from some unavoidable necessity, must necessarily result in the acquittal of the prisoner. But in this case we find, as is disclosed by the record of the proceedings of the criminal court of Wood county, that there was no cause whatever assigned for the discharge of the jury; nor does it appear upon the face of the record that the prisoner consented to the discharge. It is a well-settled principle of law that a prisoner cannot waive any constitutional rights. I have not the time at my disposal, nor the inclination, to hunt up the authorities upon this question, but will content myself to cite the cases of Prine v. Com., 18 Pa. 103; Cancemi v. People, 18 N. Y. 129;

Burley v. State, 1 Neb. 385. In the case of Spurgeon v. Com., that court held "that whatever is essential must affirmatively appear of record, and, where a waiver by the defendant leaves the record destitute of an essential part, he may afterwards take advantage of the defect, notwithstanding the waiver." 86 Va. 652, 10 S. E. 979.

' It is contended that, the prisoner in this case not objecting to the discharge of the jury, her silence was a waiver upon her part of the action of the court in discharging it. I do not think so. It is a well-settled principle of law that a prisoner may stand mute. It is for the state to make out its case against the prisoner, and the prisoner is not compelled to do anything that will aid the state in its prosecution. In this case at the time the jury was discharged the prisoner merely stood mute, but the counsel for the prisoner after the jury had been discharged moved the court at a subsequent term to discharge the prisoner from custody for the reason that she had once been placed in jeopardy for said alleged offense, and that the court overruled the motion and required her to answer at a future day of the term. In the case of State v. Hudkins, 35 W. Va. 250, 13 S. E. 367, the court said "that a waiver by a prisoner in a felony case would have to appear clearly and affirmatively by the record," and cited the case of Younger v. State, 2 W. Va. 579, 98 Am. Dec. 791, in which the court so held. In the case of Gruber v. State, 3 W. Va. 703, the court held that, where the discharge of a jury was contrary to law, the accused could not be tried before another jury, but was entitled to a discharge. In the case of Lemons v. State, 4 W. Va. 755, 6 Am. Rep. 293, the court held "that where a prisoner failed to demur or move to quash or move in arrest of judgment, on an indictment not in the exact language required by the constitution, he cannot be held to have waived his right to make objections to the indictment in the appellate court; the right being a constitutional, and not a personal, right." In the case of State v. Miller, 6 W. Va. 600, the same principle is affirmed. In the case of State v. Cottrill, 31 W. Va. 162, 6 S. E. 428, it is apparent from the reasoning of the court that in a case upon a trial for felony the defendant could not waive a constitutional right, although it is not expressly decided. And the same doctrine was reaffirmed by the supreme court of West Virginia in the case of State v. Hudkins, 35 W. Va. 248, 13 S. E. 367.

It is insisted by the attorney for the state that under the provisions of the Code of West Virginia (section 7, c. 159, p. 1019, and section 25, c. 159, p. 1022) the court has a right to discharge a jury when it appears that they cannot agree upon a verdict. This provision is to be found in the Code of 1819 of Virginia, and is substantially the provision of the Code of West Virginia. The provision of the Code of Virginia of 1819 was under consideration in the case of Williams v. Com., 2 Grat. 569, 44 Am. Dec. 403. In that case the court declared that it was its conviction that there was no possibility of the said jury rendering a verdict during the term, and that the further detaining them would be a hardship upon them, and would not promote public justice, nor benefit the accused, whereupon it was ordered by the court that the said jury be discharged, and remanded

the prisoner to jail. This case was decided by the general court of Virginia in 1845, under the existing provisions of the Code of 1819. The court, after reviewing the case at length, and considering the questions raised upon the certificate of the trial court, held that they were unanimously of the opinion that the petitioner, for the reasons stated, was entitled to his discharge, and does so decide. The question that arose on that certificate was whether or not the court had a right to detain the prisoner for a further and another trial merely because the jury could not agree. The court said, "We think the courts have not, and ought not to have, such power." No such practice has ever prevailed in Virginia, and, so far as the judges now composing this court are informed, this is the first instance in which it has ever been done or attempted. In looking to England, we do not find such power to have been exercised or claimed there, while it may be conceded that some of our sister states have varied in their decisions in regard to this practice. But this court holds that it must be governed and controlled in regard to the construction of the statutes by the courts of Virginia and West Virginia, unless the statutes as construed by those courts would be repugnant to the constitution of the United States, in which event this court would not follow them. No authority in West Virginia has been cited which gives a different construction to the statutes of the Code of Virginia of 1819, which was substantially re-enacted in the Code of West Virginia.

The attorney for the state suggests that the court had no authority to issue a writ of habeas corpus in this case while the prosecution was pending in the criminal court of Wood county against her. I shall not discuss that proposition of law, but will content myself by referring to the case of Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. 734, 29 L. Ed. 868, in which case the supreme court of the United States held that the "circuit courts of the United States have jurisdiction on habeas corpus to discharge from custody a person who is restrained of his liberty in violation of the constitution of the United States, but who at the time is held under state process for trial on an indictment charging him with an offense against the laws of the state."

A number of authorities have been cited by the attorney for the state in opposition to the discharge of this prisoner, but they do not seem to bear upon the question at issue in this proceeding, except the case of State v. Sutfin, 22 W. Va. 771. Judge Johnson, in a very able opinion in that case, speaking for the court, held:

"While the prisoner had a constitutional right to have the jury kept together until a verdict is reached, it is one of that class of rights which he can waive; and, the prisoner having made no objection in the court below to the discharge of the jury, in the appellate court he will be deemed to have waived the objection."

I have already discussed the doctrine as announced by this court, and have reached the conclusion that no constitutional rights of the prisoner can be waived. In the case of Cancemi v. People, supra, the learned judge in delivering his opinion quoted from 3 Inst. 30, the doctrine that "a nobleman cannot waive his trial by his peers and

put himself upon trial of the country; that is, of twelve freeholders." The court might well rest this case here, and order the discharge of the prisoner. In support of the view I take of this case, I rely very strongly upon the case of Poage v. State, 3 Ohio St. 229. The opinion of that court was delivered by Judge Thurman,—one of the ablest jurists and most eminent constitutional lawyers that this country has ever produced. And the very point at issue in this case was presented in that. Judge Thurman, in delivering his opinion, reviewed the authorities upon the question, and reached the conclusion (no member of the court dissenting) that where a court in a criminal case, after a jury retired to consult on their verdict, discharges them without the assent of the prisoner, without the existence of a cause for which they might lawfully be discharged, the prisoner cannot again be retried for the same offense. See, also, the case of State v. Richardson. In a very able opinion delivered by Judge McIver, reported in 47 S. C. 166, 25 S. E. 220, 35 L. R. A. 238, the court held "that a prisoner will not be held to have consented to the withdrawal of the case from a jury, and its continuance, merely because he does not offer any objection to such course, especially where he is not asked if he has any objection." And the same court remarked "that the discharge of a jury in a criminal case, upon a valid indictment, without the consent of the prisoner, not called for by imperious necessity, operates as an acquittal and bars a further trial." And the same court holds that it is a well-settled principle of law that a prisoner is said to be put in jeopardy whenever he is put on trial before a competent court and jury under a valid indictment, and the jury are said to be thus charged when they are impaneled and sworn. I reach the conclusion that if the court discharges a jury in a capital or felony case without the consent of the prisoner, and without imperious necessity, such action entitles the prisoner to a final discharge from further trial or prosecution. See 1 Bish. Cr. Proc. par. 821; 2 Am. Cr. Law, par. 576; Com. v. Cook, 9 Am. Dec. 472; State v. McKee, 21 Am. Dec. 506, note; Mahala v. State, 31 Am. Dec. 591; In re Ah Jow (C. C.) 29 Fed. 182; Com. v. Andrews, 3 Mass. 126; Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. 734, 29 L. Ed. 868. The petitioner in this case is a citizen of the United States, and a resident and citizen of the state of Illinois, and is entitled to invoke the tribunals of the United States to pass upon this question that affects her liberty. It is clear to my mind that no state can pass a statute which would deprive her of her liberty under the constitution of the United States. For the reasons assigned, I am clearly of the opinion that, under the provision of article 5 of the amendment to the constitution of the United States, another trial upon the indictment for the same offense would be putting her twice in jeopardy of her liberty.

The prisoner will be discharged, and an order will be drawn certifying the action of this court to the criminal court of Wood county, discharging the prisoner from further custody.