# CHARLESTON.

## STATE *v.* FRIEDLEY.

Submitted February 3, 1914. Decided February 10, 1914.

1. CRIMINAL LAW—*Verdict—Validity.*

   On the trial of an indictment for a felony on a special plea of autrefois acquit, and the general plea of not guilty, and issues joined on both pleas, and submitted to the same jury, a verdict which fails to respond to the issue on the special plea and finds defendant guilty as charged is erroneous and on his motion should be set aside and a new trial awarded him. (p. 686).

2. SAME—*Plea—Invited Error—Verdict.*

   In such case the defendant cannot be held to have invited or caused the erroneous verdict, so as to deprive him of his right to a verdict on the issue on his special plea, because of an instruction given the jury on his motion, among other things, telling the jury, that if they should find the prisoner was formerly acquitted as set out in his special plea, then they should make their return to this effect and need not further consider the case. (p. 687).

3. SAME—*Former Acquittal—Plea—Sufficiency.*

A special plea of autrefois acquit, alleging identity of the person of the defendant in both indictments and showing by reference to the record, the identity of the property described, with the felonious stealing, taking and carrying away of which as charged in the first indictment defendant was acquitted,. except only as to the value of the property, not material, is good in law, as sufficiently showing the identity of the offenses charged. (p. 687).

4. SAME—*Verdict—Waiver of Objection.*

Where in such a case the jury fails to respond to the issue on defendant's special plea, he does not waive his right to a verdict on both issues by omitting to object to the verdict before the jury is discharged. (p. 688).

5. SAME—*Plea of Former Acquittal—Identity of Offenses.*

On the trial of the issue on such special plea the test is whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first. (p. 688).

6. SAME.

On the trial of the issue on such special plea, it may be shown, however, if such be the fact, that though similar, the offenses charged in the two indictments are not in fact the same. (p. 689).

7. SAME—*Plea of Former Acquittal—Replication—Necessity.*

In making up the issue on such special plea proper practice requires a special replication traversing the fact of the identity of the offense charged, if it is intended to controvert that fact. (p. 689).

Error to Circuit Court, Ritchie County.

Ed Friedley was convicted of theft and brings error.

*Reversed, and New Trial Awarded.*

*Robinson & Prunty,* for plaintiff in error.

*A. A. Lilly,* Attorney General, *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, and *Thos. J. Davis,* for the State.

MILLER, PRESIDENT:

The first count of the indictment charges defendant with feloniously breaking and entering, the second with feloniously entering without breaking, on the —— day of November, 1911, the barn of one Frey, feloniously to steal, take and carry away, and with having feloniously stolen, taken and carried away one lot of feed of the value of twenty dollars; the goods

and chattels of the said Frey, then and there situate therein, against the peace and dignity of the State.

Defendant's pleas were not guilty, and a special plea of autrefois acquit. The jury were sworn to try the issues on both pleas, but by their verdict responded only to the plea of not guilty, finding defendant guilty as charged in the second count of the indictment.

A motion was immediately made by defendant to set aside the verdict and grant him a new trial, (1) because contrary to the law and evidence, (2) because he had been previously acquitted on another indictment charging him with the same offense. This motion was overruled, as was also the prisoner's motion in arrest of judgment, and the judgment complained of was that defendant be confined in the penitentiary for the term of two years, and that the State recover costs.

The first point of error, covered by both motions, is that the verdict is erroneous and void for failure of the jury to respond to the issues on both pleas, or rather for failure to respond to the issue on the plea of autrefois acquit. This point we think may be reached by either motion, as the error, if any, occurred subsequently to the indictment, and appears on the face of the record, and the motion, if sustained, results in the award of a new trial or a venire de novo. *State* v. *Hudkins,* 35 W. Va. 247; 8 Ency. Dig. Va. & W. Va. Reports, 569, title, Arrest of Judgment, and cases cited. In *Hite's Heirs* v. *Wilson,* 2 H. & M. 268, it was held that where there are two issues in fact, and the verdict of the jury answers to one only, there ought to be a venire facias de novo. See monographic note to this case in Va. Reports Annotated, and cited cases, including *Williams* v. *Ewart,* 29 W. Va. 668; also 2 Standard Proc., 984, title, Available Grounds. In our case of *State* v. *Hudkins, supra,* it was distinctly ruled that "When the plea of not guilty and a special plea of autrefois acquit are pleaded at the same time, the law and practice in this State do not imperatively require two trials by separate juries, but the matter is within the sound legal discretion of the judge before whom the trial is conducted; but in all cases, when both issues are tried by a single jury, the verdict must respond to both issues separately." And for failure of the jury to

respond to both issues the judgment was reversed and a new trial awarded.

But it is contended by the attorney general, that the error in the verdict, if any, was invited, or introduced into the record by defendant's instruction number 6, telling the jury, among other things, that if they should find that the prisoner was formerly acquitted as set out in his special plea, then they should make their return to this effect, and need not further consider the case. We can not see how this instruction could have misled the jury, on the special plea. According to *State* v. *Hudkins,* the instruction correctly propounded the law. It seems to us that the instruction was a specific direction to first consider and respond to the issue on that plea, before passing to the question of guilt or innocence on the general plea of not guilty. How can we know from the verdict whether the jury in fact considered the issue on the special plea? The attorney general says, that following the direction of the instruction, the jury could not have found the prisoner guilty without having first determined the issue on the special plea against him; but this we think is a non sequitur. The answer is that they could have ignored or overlooked the issue on the special plea and found him guilty without reference to it. Defendant was entitled to present both issues, and to have the jury respond to both, and he cannot be denied that right on the theory that by their verdict on the general plea they must have found adversely to defendant on the special plea. We cannot say with unerring judgment that the jury ever considered that plea. The question is not one of interpretation of a verdict, for which authorities are cited. The question is did the jury respond to a vital issue on the special plea? We say they did not.

But did the special plea show identity of the person and offense? As to the person the allegation is clear and specific, and the evidence is clear on this question. As to the offense charged in both indictments the only difference in the description of the offenses is that in the first indictment, on which the prisoner was acquitted, the property, the subject of the alleged larceny, is described as "two sacks of feed, of the value of $3.00"; while in the second, on which he was last tried and found guilty, it is described as "one lot of feed of

the value of twenty dollars", the only real difference being in stating the value of the property alleged to have been stolen. The date, the ownership, the building from which taken, indeed the language of the two indictments is practically the same. Cases illustrating the application of the rule requiring identity of the offenses are collated in the mono- graphic note to *Page* v. *Com.*, 26 Grat. 943, 951, Va. Repts. Anno., 310, 311. The sufficiency of the plea was not ques- tioned below and is not questioned here. Being good in law, and issue joined thereon, defendant was by all the authorities entitled to a specific response thereto by the jury.

It is suggested by the attorney general, however, that the prisoner waived this right by neglecting, before the jury was discharged, to call the court's attention to the defect in the verdict, and to have the same corrected. But we know of no rule of law or practice which would so deprive a prisoner of his right when on trial for his liberty. Was it not the duty of the State seeking a conviction to look to the sufficiency and form of the verdict? Such a rule of practice was not sug- gested or enforced in *State* v. *Hudkins*. The prisoner prompt- ly moved for a new trial on the ground of his alleged former acquittal and because the verdict was contrary to the law and evidence.

But in support of the verdict and judgment the attorney general insists that the evidence thereon is not sufficient to support the special plea, and that defendant was not preju- diced. We think there was evidence tending to show the identity of the offenses charged, on the theory on which the case seems to have been tried. The evidence tends to show that the grain alleged to have been stolen in the first indictment was a part of the same grain which defendant is charged with having stolen in the second indictment, and on the theory of the continuity of the offense, relied on, making the one a part of the other, or one and the same offense, the jury might have so found. The test in such cases, says *Burress* v. *Com.*, 27 Grat. 940, 941, is, "whether the evidence necessary to sup- port the second indictment would have been sufficient to procure a legal conviction upon the first." So, also, says *State* v. *Dewees*, (S. C.) 11 Am. & Eng. Anno. Cas. 991. If the several takings of grain, according to the theory on which

the State tried the case, constituted a continuous taking, and one offense, and the fact was that the grain which the prisoner was accused of stealing, and of which he was acquitted on the first indictment, was a part of the same grain covered by the present indictment, the latter constituted a part of the former offense. That question is one of fact for the jury, and as to which there was conflict.

In this case it does not distinctly appear, as in *Page* v. *Com., supra,* that the State replied specially to the defendant's special plea, that there was no record òf the trial of the prisoner for the same identical felony and offence charged in the indictment on which he was then arraigned. Such replication was held to be good reply to the plea in that case. And it was moreover decided in that case that as the two indictments were for similar offences, and in the same words, except as to time, which was immaterial, the same facts which would sustain the one, standing by themselves, would support the other also; but as it was averred and shown that the two offenses, though similar, were not in fact the same, but different offences, all foundation for the plea was taken away. In that case it was shown that the dwelling house alleged to have been burned in the first indictment, though belonging to the same person, was not in fact the same house alleged to have been burned in the second indictment, and therefore not the same offense.

The order making up the issues in the case at bar, shows a special reply in writing by the prosecuting attorney to the special plea, but no such replication appears in the record. Likely the special replication did traverse the fact of the identity of the offenses. This seems to be the proper practice implied by the opinion of the court in *Page* v. *Com., supra,* and indicated by other authorities. 9 Ency. Pl. & Pr. 636; 12 Cyc. 367. As we shall reverse the judgment below on other grounds we need not be troubled with any supposed error in making up the issue on this special plea, for if error was committed it can be corrected on another trial.

For the reasons given we are of opinion to reverse the judgment and award defendant a new trial.

*Reversed, and New Trial Awarded.*