# CHARLESTON.

## STATE v. CHARLES SINE.

Submitted September 26, 1922.    Decided October 3, 1922.

1. STATUTES—*Amended Act Construed as Though Amendment Part of Original Statute.*

   Ordinarily where an amendment has been adopted to a comprehensive legislative act covering a particular subject, in construing the act thereafter it will be read as if the amendment had been in it from the beginning.    (p. 610.)

2. CRIMINAL LAW—*One Testifying for State in Trial of Another for Same Offense, in Which He Participated, Immune From Prosecution.*

   One indicted for making moonshine liquor under the provisions of § 37 of ch. 32A of the Code, as amended, who is summoned by the prosecuting attorney to appear, and who does appear, before the grand jury and testify in regard to his connection with the manufacture of liquor in which he and another party were engaged, and who is thereafter summoned by the State as a witness to testify upon the trial of such other party, and who appears in obedience to said summons and is introduced by the State as a witness, and gives evidence as to the conduct of himself and such other party in connection with the manufacture of such moonshine liquor, which evidence tends to incriminate him and show that he, as well as the other party, is guilty of the offense, may not thereafter be prosecuted for that offense. He is immune from prosecution therefor under the provisions of § 33 of ch. 32A of the Code.    (p. 610.)

3. SAME—JURY—*Defense of Immunity by Testimony for State Proper, as Plea in Bar to Indictment for Same Offense, and if Issue Made by State, Triable by Jury.*

   One claiming immunity under the provisions of § 33 of ch. 32A of the Code may properly set up and rely upon the same by special plea in bar to an indictment against him for the offense, and in case the facts alleged in said special plea make a good defense and an issue is made thereon by the State, the same should be tried by a jury.    (611.)

Certified Question from Circuit Court, Wetzel County.

Charles Sine was indicted for operating a moonshine still. The court overruled a demurrer to the indictment, and the question of sufficiency was certified for review.

*Ruling affirmed.*

*E. T. England,* Attorney General, *R. A. Blessing,* Assistant Attorney General, and *W. J. Postlethwait,* Prosecuting Attorney, for the State.

*T. M. McIntire* and *E. H. Yost,* for defendant.

RITZ, JUDGE: ·

The defendant was indicted for operating a moonshine still in violation of § 37 of ch. 32A of the Code as amended.

Upon the calling of his case he tendered a plea in bar of his further prosecution by the State, in which he alleged that the indictment was found against him at the same term of court at which an indictment was found against one R. R. Anderson for the same identical offense; that he was summoned as a witness by the State to appear before the grand jury and give evidence in regard to the connection of himself and Anderson with the alleged unlawful transaction; that in obedience to that summons he did appear before the grand jury and did give evidence as to the connection, both of himself and Anderson, with the manufacture of liquor as alleged in the indictment; that subsequently he was summoned as a witness by the State to appear upon the trial of the indictment against Anderson, and that in obedience to that summons he did appear and was introduced as a witness by the State upon the trial of Anderson, and did testify to the manufacture of liquor by himself and Anderson; that as the result of his testimony Anderson was convicted and sentenced for the offense; that the testimony given by him, both before the grand jury and upon the trial of Anderson for the same offense, tended to incriminate him in regard thereto, wherefore he contends that he should not be prosecuted for the offense, but is immune from prosecution therefor under the provisions of § 33 of ch. 32A of the Code. The State

objected to the filing of this plea, which objection being over-ruled it demurred thereto. The court overruled the demurrer to the plea and certified the question of the sufficiency there-of to this Court.

The State's contention is that the defendant cannot claim immunity under the provision of § 33 of ch. 32A of the Code, for the reason that § 37 was added to the chapter after its adoption and that § 37 is a complete and comprehensive enactment by itself inhibiting the manufacture of moonshine liquor in one paragraph, and in another paragraph making it unlawful to have moonshine liquor in one's possession, but providing that in the latter case, if the party charged freely and fully discloses all the information he has in regard to the liquor, he will not be subject to punishment for having it in his possession, and that the only immunity that can be claimed by one indicted under § 37 is that stipulated for in this proviso.

It is true that § 37 was added to the prohibition law after § 33 was added thereto. As the law was originally enacted in 1913 it did not contain either of these sections. By amendment in 1915 § 33 was incorporated in the law. Prior to 1919 the offense of manufacturing intoxicating liquors un-lawfully was inhibited by § 3 of the Act. In 1919 the legis-lature saw fit to divide the manufacture of liquors into two offenses, making it a misdemeanor to manufacture it other than by moonshine still, and a felony to manufacture it by moonshine still, and also at the same time made it a misde-meanor to have the possession of moonshine liquor. While it is true that § 37 was added to the Act after the adoption of § 33, still, so far as it affected the offense of manufacturing liquor it only divided the offense into two classes. Ordinarily, where a comprehensive act, like the prohibition act, which fully covers the subject matter, is amended in some particu-lar, in the future construction of the act the amendment will be read as if it had been in the act from the very beginning, and all of the other terms of the act given effect as though the amendment were a part of it. This was our holding in the

case of *State* v. *Vendetta,* 86 W. Va. 186, construing another amendment to this very act.

There is no more merit in the contention that, because the paragraph of § 37 which inveighs against the possession of moonshine liquor has a proviso for further immunity to those who will freely and fully disclose all they know in regard to its sale or manufacture, no other immunity than that provided in that paragraph can be granted for an offense under § 37. This immunity is in addition to the general immunity provided by § 33 of the Act. Section 33 was put in the Act to enable prosecuting officers to compel confederates to testify. Without this section one concerned in the manufacture or sale of liquor could not be compelled to testify against his confederates, but when he is relieved of punishment because of the testimony he gives, then he can no longer say that his testimony would incriminate him. The proviso in § 37 in regard to the possession of moonshine liquor has an entirely different purpose. Its purpose is to encourage those caught with moonshine liquor in their possession to disclose from whom they got the liquor, in order that the greater offender may be punished.

We have considered whether this matter is properly raised by the plea offered, and have come to the conclusion that this is the proper method of presenting the matter. Of course, in the absence of the statute granting immunity, no such plea would be available, nor could the witness be compelled to give the incriminating evidence. The matter could hardly be proved under the general issue for the plea is an admission of guilt and a claim of absolution. It is rather in the nature of a plea of former acquittal, which defense, as is very well known, is made by a special plea, and tried by a jury if issue is joined thereon. *State* v. *Hudkins,* 35 W. Va. 247; 9 Am. & Eng. Ency. of Pleading & Practice, p. 639. We think the same procedure should be adopted upon a plea involving this defense.

For the reasons stated, we are of the opinion that the court

properly overruled the demurrer to the plea, and we answer the question certified accordingly.

*Ruling affirmed.*