## CHARLESTON.

STATE *v.* CLIFTON CRITES.

Submitted April 22, 1924.    Decided May 6, 1924.

1.  CRIMINAL LAW—*What Special Plea for Immunity Under Prohibition Act Should Contain Stated.*

    A special plea under Section 33, Chapter 32-A Code, which provides that any person called on behalf of the State to

testify concerning any violations of the prohibition act who shall give freely and truthfully any testimony tending in any way to incriminate himself, shall be immune from prosecution under the Act, should state that the defendant was called on behalf of the State to testify concerning violations of the prohibition act, and gave freely and truthfully testimony concerning such violations tending to incriminate himself under the Act. (p. 359).

2.  SAME—*Immunity Under Prohibition Act Cannot be Taken Advantage of by Defendant, Charged With Unlawful Transportation.*

The immunity provided for under Section 37, Chapter 108, Acts 1919, cannot be taken advantage of by a defendant charged with the offense of transporting intoxicating liquors. (p. 359).

Case certified from Circuit Court, Barbour County.

Clifton Crites was indicted for the unlawful possession of intoxicating liquor. The motion of the State to exclude defendant's special plea was overruled, and the questions involved certified.

*Reversed and remanded.*

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the State.

*Wm. T. George,* for defendant.

LITZ, JUDGE:

At the January term, 1923, of the circuit court of Barbour county the defendant was indicted upon the charge of having transported intoxicating liquors from one place to another in said county. To this indictment he filed a special plea reciting:

"That he was regularly summoned to appear before the grand jury of Barbour county and did appear in obedience to said summons and then and there gave testimony on behalf of the State of West Virginia before said grand jury at the January term, 1923, that being the term at which the indictment herein against defendant was found and the said evidence so given before the said grand jury by the defendant on behalf of the State was evidence which tended to incriminate this defendant."

The defendant in the plea also offers fully and freely to disclose the name of the person from whom he received the liquors and to give any other information that he may have relative to the manufacture and distribution of the same, and says that he is willing to testify truthfully as to any and all such matters of information upon behalf of the State of West Virginia wherever and whenever requested so to do by the State; and further states that he obtained the liquors from Joe Siki at Galloway in Barbour county and carried the same to his residence in that county.

The circuit court overruled the motion of the State to exclude the plea, and upon joint application of the parties the propriety of that ruling is certified here for review. The certificate propounds the following questions:

(1) Does defendant's special plea present a good defense under either Section 33 of Chapter 32-A of the Code, or Section 37 of Chapter 108 of the Acts of the Legislature of 1919?

(2) Does Section 37 of Chapter 108 of the Acts of 1919 apply only to defendant's having in his possession a quantity of moonshine liquor, as respects the immunity clause contained in said section?

The plea is plainly defective in form under Section 33 of Chapter 32-A providing that, "Any person called on behalf of the State to testify concerning any violations of this (prohibition) act, who shall give freely and truthfully any testimony tending in any way to incriminate himself, shall be immune from prosecution under this act". It is not stated that the defendant was called on behalf of the State to testify concerning any violations of the prohibition act, or that he gave testimony before the grand jury concerning any such violations tending in any way to incriminate himself under the act. If the plea showed these facts it would present a good defense to any charge against the defendant under the act. *State* v. *Sine,* 91 W. Va. 608; *State* v. *Sterne,* decided contemporaneously with this case.

Section 37, Chapter 108, Acts 1919, provides:

> "Any person who has in his possession any quantity of moonshine liquor shall be guilty of a misdemeanor,

and upon conviction thereof shall be fined not less than one hundred dollars nor more than three hundred dollars, and confined in the county jail not less than thirty nor more than ninety days; *provided,* that if any such person shall fully and freely disclose the name or names of any person or persons from whom he received said moonshine liquor, and give any other information that he may have relative to the manufacture and distribution of the same, and shall truthfully testify as to any such matters of information, he shall be immune from further prosecution or punishment.''

In keeping with our previous expressions of opinion, immunity under this statute applies only to the offense of possessing moonshine liquor, and, therefore, affords no defense to one charged with transportation of such, or other, intoxicating liquors. *State* v. *Wills,* 91 W. Va. 659; *State* v. *Andrews,* 91 W. Va. 720; *State* v. *Sine,* cited.

We accordingly reverse the ruling of the circuit court sustaining the plea, on the ground that it is insufficient in form under Section 33, Chapter 32-A, Code (Barnes' 1923), and can present no defense under Section 37, Chapter 108, Acts of 1919.

*Reversed and remanded.*