**Kimberli J. NELSON, Appellant (Plaintiff Below),**

v.

**David SIGMAN and Lafayette Coopera-tive Elevator Co., Appellees (Defendants Below).**

**No. 83A04-8906-CV-238.**

Court of Appeals of Indiana,
Fourth District.

Aug. 29, 1990.

Charles R. Clark, Beasley, Gilkison, Retherford, Buckles & Clark, Muncie, for appellant.

James R. Bunch, Wallace, Campbell, Bunch, Shambach, Rennick & Orr, Coving-ton, Joe E. Beardsley, II, Beardsley & Sten-gel, Clinton, for appellees.

CONOVER, Judge.

Plaintiff-Appellant Kimberli J. Nelson (Nelson) appeals the trial court's order changing a jury's net assessment of dam-ages in a comparative fault verdict entered pursuant to Defendant-Appellee David Sig-man's (Sigman) filing of an Ind. Trial Rule 60(A) Motion to Correct Judgment.

We reverse.

This appeal presents issues which we restate as follows:

1.  whether the trial court erred by amending its judgment under Ind. Trial Rule 60(A) to correct a jury's alleged miscalculation of net damages in a com-parative fault verdict;

2.  whether the trial court erred by refusing to instruct the jury a state stat-ute prohibits the driving of a motor ve-hicle on the public highways with .10% or more by weight of alcohol in the blood; and

3.  whether the trial court erred by (a) instructing the jury they could consider, and (b) unduly emphasizing, Nelson's contributory fault.

While driving her employer's van home from her place of work in Lafayette one afternoon, Nelson attempted to pass a

slow-moving flat bed truck owned by Lafayette Cooperative Elevator Co. Sigman was driving at the time. He had consumed three beers at home but was driving to his in-laws' house to pick up his wife and child who were stranded with car trouble. Sigman turned left just as Nelson attempted to pass him. He claimed he had activated his left turn signal before starting his left turn.

Nelson and Sigman collided and both slid through a nearby ditch at the intersection and into an adjoining field. A field sobriety test revealed Sigman had .10% blood alcohol by weight in his blood at the time. He stipulated at trial he pled guilty to the resulting criminal charge and to the percentage of blood alcohol in his body at the time of the accident.

After a trial on the merits, the jury returned a comparative fault verdict showing Nelson 49%, Sigman 51%, and Lafayette Co-op 0% at fault and total damages of $21,000. In calculating the net verdict amount the jury determined Nelson was entitled to only $10,290, i.e., 49% of the total damages. When the jury returned this verdict, the trial court promptly discharged it from further service after determining it was their verdict, and without affording counsel an opportunity to inspect it or make objections to its form as completed by the jury. Judgment on that verdict was then entered the same day.

Sigman later filed a T.R. 60(A) motion to correct judgment. Nelson then filed a motion to correct errors. The trial court granted Sigman's motion, changed the amount of Nelson's recovery to $10,710, and denied Nelson's motion to correct errors.

Nelson appeals.

She first argues under IC 34–4–33–9 only the jury is authorized to correct internal inconsistencies in a comparative fault verdict. Thus, she opines, the trial court erred by altering the judgment entered upon that verdict by changing the net amount of the award from $10,290, or 49% of total damages to $10,710, or 51% thereof.

To the contrary, Sigman argues the form of the verdict submitted to the jury was faulty and confusing since it instructed the jury to multiply one percentage by another rather than multiplying the total amount of damages by Sigman's percentage of fault. Because Nelson failed to object to the verdict's form, she cannot now object to the trial court's corrective action because the issue is waived, he contends. In the alternative, Sigman posits the trial court correctly made the required change in the judgment to arrive at the result intended by the jury under the authority of T.R. 60(A).

IC 34–4–33–9 provides:

Sec. 9. In actions brought under this chapter, whenever a jury returns verdicts in which the ultimate amounts awarded are inconsistent with its determinations of total damages and percentages of fault, the trial court shall:

(1) inform the jury of such inconsistencies;

(2) order them to resume deliberations to correct the inconsistencies; and

(3) instruct them that they are at liberty to change any portions of the verdicts to correct inconsistencies.

and T.R. 60(A) provides:

(A) *Clerical Mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the trial court at any time before the record is filed on appeal of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Regarding forms of verdict in comparative fault cases, IC 34–4–33–6 provided at that time:

Sec. 6. The court shall furnish to the jury forms of verdicts that require the disclosure of:

(1) the percentage of fault charged against each party; and

(2) the calculations made by the jury to arrive at their final verdict.[1]

---

1. The 1990 Indiana Legislature amended this    section to read:

The trial court's verdict form, as completed and returned into open court by the jury, read:

## VERDICT

1. We find that the comparative fault of plaintiff, Kimberli J. Nelson, was <u>49%</u>

(If the percentage filled in at Line 1 is greater than 50%, Lines 2, 3 and 4 shall not be completed; instead, the foreman shall sign at Lines 5B and 6B and the jury shall conduct no further deliberations.)

2. We find that the comparative fault of defendant, Lafayette Cooperative Elevator Co., was <u>–0–%</u>

3. We find that the comparative fault of defendant, David Sigman, was <u>51%</u>

4. Disregarding any comparative fault of the parties, we find plaintiff's total damages are <u>$21,000</u>

5. (The foreman shall fill in the appropriate dollar amount at Line 5A and sign at Line 5A, *or* sign at Line 5B. Do not sign at both lines.)

A. We find for the plaintiff, Kimberli J. Nelson against defendant, Lafayette Cooperative Elevator Co., in the sum of (Multiply the percentage found at Line 2 by the amount found at Line 4 and enter the product here) <u>$-0-</u>

/s/ Michael Joseph Domeika
FOREMAN

B. We find for the defendant, Lafayette Cooperative Elevator Co., and against the plaintiff, Kimberli J. Nelson.

/s/ Michael Joseph Domeika
FOREMAN

Sec. 6. The court shall furnish to the jury forms of verdicts that require only the disclosure of:
(1) the percentage of fault charged against each party and nonparty; and
(2) the amount of the verdict against each defendant.
If the evidence in the action is sufficient to support the charging of fault to a nonparty, the form of verdict also shall require a disclosure of the name of the nonparty and the percentage of fault charged to the nonparty.

6. (The foreman shall fill in the appropriate dollar amount at Line 6A, *or* sign at Line 6B. Do not sign at both lines.)
A. We find for the plaintiff, Kimberli J. Nelson and against the defendant, David Sigman, in the sum of (Multiply the percentage fount [sic] at Line 2 by the amount found at Line 3 and enter the product here)

<u>$10,290</u>
/s/ Michael Joseph Domeika
FOREMAN

B. We find for the defendant, David Sigman, and against the plaintiff, Kimberli J. Nelson.

FOREMAN

(R. 96).[2]

■ Citing *DDR Computer Services Bureau v. Davis* (1980), Ind.App., 411 N.E.2d 722, in support of his second proposition, Sigman insists Nelson has waived any objection to the verdict's form as returned. While Nelson agrees she has waived any objection to the verdict's form as prepared by the trial court, she vigorously denies she has waived the issue of the verdict's form as returned by the jury. *DDR* is distinguishable on its facts because there, counsel were given the opportunity to inspect the verdict as returned and make objections prior to the jury's discharge, she asserts. We agree with Nelson.

The proposition that waiver of an issue does not occur where the affected party is given no prior notice of a proposed action and an opportunity to be heard thereon is so fundamental it needs no citation of authority. Because the trial court gave Nelson no such opportunity prior to discharging the jury from further service, waiver of the issue did not occur. We turn

2. Obviously, the trial court's verdict form as submitted to the jury was prepared in error and probably was confusing to the jury. Under 6A's instructions, it was impossible for the jury to arrive at the net dollar amount it wished to award Nelson in its verdict, had those instructions been followed explicitly. Clearly, multiplying one percentage by another does not produce a dollar amount of verdict. Thus, Sigman is correct. The verdict form was faulty and possibly confusing to the jury.

now to the more basic question, namely, whether the trial court's action under T.R. 60(A) cured any defect in the jury's verdict.

■ T.R. 60(A) does not apply here because no "clerical mistakes ... [or] errors ... arising from oversight or omission," i.e. mistakes in writing or copying, cf. definition of "clerical error" in *Black's Law Dictionary*, West Publishing Co., 1968, are involved here. The judgment entered on the verdict contained the precise figures appearing in the verdict as returned.

■ Further, the trial court's attempt to alter the result reached by the jury by changing Nelson's net recovery in the judgment is not authorized by IC 34–4–33–9. Under its terms, only the jury returning the verdict in a comparative fault case can resolve any inconsistencies therein after proper instruction by the court and before it is discharged from service. The statute does not authorize a trial court to take any corrective action if the verdict is internally inconsistent after the jury has been discharged. Thus, the only remedy available under these circumstances is a new trial.

Reversed and remanded for a new trial.

RATLIFF, C.J., and MILLER, P.J., concur with separate opinions.

RATLIFF, Chief Judge, concurring.

Although it seems to me that requiring a new trial to correct an obvious mathematical error leads to a waste of time and resources for the courts, the parties, and counsel, I reluctantly agree that under the provisions of IND.CODE § 34–4–33–9, and the procedural posture of this case, such a result is inescapable.

Ind. Trial Rule 60(A) clearly was not the proper vehicle for correction of the error. Under the factual circumstances of this case, I would like to believe that a T.R. 59 motion to correct errors would have enabled the court to make the correction. However, a T.R. 60 motion cannot be treated as a T.R. 59 motion. *Siebert Oxidermo, Inc. v. Shields* (1983), Ind., 446 N.E.2d 332, 337. Neither do I believe the authority granted to us by Ind.App.Rule 15(N)(3) to correct a judgment subject to correction grants us the power to correct the jury's mathematical error. We are reviewing the trial judge's attempted correction of the jury's error. Such is not a judgment subject to correction by us.

Therefore, I concur.

MILLER, Presiding Judge, concurring.

I concur. Ind.Code 34–4–33–9 provides the mandatory procedures for internally inconsistent verdicts.

The verdict in this case is inconsistent under IC 34–4–33–9. The *ultimate amount* awarded ($10,290.00) is inconsistent with the *total damages* ($21,000.00) and the *percentage of fault* allocated to Mr. Sigman (51%).

Unlike Judge Ratliff, I do not think that we are requiring a new trial as a result of an obvious mathematical error. The inconsistency is not necessarily a mathematical error. At least two possibilities exist:

(1) The jury meant to find Plaintiff Nelson 51% at fault, but reversed its percentages and should not have rendered a money judgment *at all* (confusion as to the applicable law); or

(2) The jury erred in awarding Plaintiff Nelson 49% ($10,290.00) rather than 51% (10,710.00) of the damages (mathematical error).

Under IC 34–4–33–9, the court is not to correct the error by assuming what the jury intended; rather, the jury is to correct the inconsistencies. In the case at bar, the jury has been excused, making that impossible. Under these circumstances, a new trial would be the appropriate remedy.