Argued and submitted May 14, affirmed September 9, 1998, petition for review denied February 23, 1999 (328 Or 330)

# Marvin McDOUGAL,
## *Appellant,*

*v.*

# Glen GRIFFITH
## and David Correa,
## *Respondents.*

# (96-02-44 CV; CA A96758)

964 P2d 1135

David B. Hydes argued the cause for appellant. With him on the brief were David B. Hydes, P.C. and Gregory T. Day.

David M. Blanc argued the cause for respondent. With him on the brief was Corey, Byler, Rew, Lorenzen & Hojem, L.L.P.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

## LINDER, J.

Plaintiff appeals from a judgment on defendants' counterclaim for damages arising out of a cattle grazing lease between the parties. Plaintiff raises several assignments of error on appeal, most of them relating to the court's calculation of damages. We address only plaintiff's assignment challenging the trial court's judgment on the ground that it exceeded the amount pleaded in violation of ORCP 67 C(2), and we affirm.

The parties entered into a lease agreement in which plaintiff provided cattle pasture for grazing defendants' calves during the 1995 grazing season, lasting approximately from May to November. Under the terms of the lease, defendants agreed to pay $16 per head or cow-calf pair per month, and plaintiff agreed to provide inspection and care of the cattle. During the course of the season, defendants became dissatisfied with plaintiff's performance under the lease. Eventually, the parties agreed that defendants would remove their cattle by October 23, 1995. When defendants removed the cattle, many of the calves were underweight by as much as 100 pounds, several had pink eye, and several were missing. Although defendants had secured a contract to sell three loads of the calves that fall, they were unable to sell all of them at that time because of the number that were underweight. As a result, defendants wintered one load of calves and later sold them. Defendants attributed their inability to sell the calves in the fall to plaintiff's breach of the lease agreement and therefore refused to pay plaintiff the full amount owed under the lease. Seeking payment on the lease, plaintiff brought this action.

Plaintiff sought foreclosure of an agricultural services lien, or alternatively, damages for breach of contract and *quantum meruit*. Defendants responded with several affirmative defenses and counterclaims, including a claim of partial breach of contract. The trial court granted defendants' directed verdict motion on plaintiff's lien foreclosure action. The trial court granted judgment to plaintiff on his breach of contract claim, awarding damages of $22,407.73. The court also awarded judgment to defendants on their counterclaim

for plaintiff's partial breach of contract. The judgment in favor of defendants read as follows:

> "(A)  Defendant Glen Griffith suffered damages in the amount of $17,500 and defendant David Correa suffered damages in the amount of $5,443. These two sums shall be used to offset the award of plaintiff under plaintiff's first claim for relief [$22,407.73] resulting in a net award to defendants in the amount of $536.33. Defendants Glen Griffith and David Correa shall be entitled to judgment in the amount of $536.33.
>
> "(B)  Glen Griffith shall be entitled to judgment for additional damages in the amount of $29,123.
>
> "(C)  David Correa shall be entitled to judgment for additional damages in the amount of $13,973."

On appeal, plaintiff argues that the court awarded greater damages to defendants than they requested in their pleadings, violating ORCP 67 C(2). That rule provides: "Where a demand for judgment is for a stated amount of money as damages, any judgment for money damages shall not exceed that amount." In their first amended answer and counterclaim, defendants alleged:

> "As a result of the breach of the lease by plaintiff the cattle of defendants were 100 pounds below average weight, some cattle were lost and have died and suffered from pink eye, 8% more cattle than average were barren, and a calf sale contract was lost all causing damages to defendants in the amount of $50,000."

According to plaintiff, the court's determination that defendants suffered damages in the amount of $17,500 and $5,443, when combined with the additional damages of $29,123 and $13,973 (totaling $66,039), exceeds the amount pleaded in defendants' counterclaim. Defendants respond that the court did not err because the judgment actually entered was $43,632.33 and thus did not exceed the $50,000 requested in the pleadings. Defendants also contend that, in any event, plaintiff's claim of error is not preserved because he failed to object to the proposed form of judgment or to the judgment entered, or otherwise raise the issue below.

We agree with defendants that plaintiff's assignment of error is not preserved. In a variety of contexts, we have

held that alleged errors relating to the computation of a monetary award set forth in a judgment, or to a perceived inconsistency in a judgment, must be raised with the trial court to be preserved for our review. For example, in *McDonough and McDonough*, 141 Or App 116, 122, 917 P2d 36 (1996), wife claimed that the court's order distributing the parties' marital assets contained mathematical errors and "erroneously memorialized the court's intended disposition, as expressed in its prior oral ruling." We determined that the issue was not preserved because the wife failed to make any objection to the proposed form of judgment. *Id*. The same rule applies when damages are determined by jury verdict, rather than by a trial court sitting as a finder of fact. To assert on appeal that the verdict is defective, a party must object to the verdict when it is returned and prior to the jury's discharge. *See Smith v. J. C. Penney Co.*, 269 Or 643, 652-53, 525 P2d 1299 (1974) (defective verdict issue was not preserved because defendant failed to object when the jury returned the verdict); *Torbeck v. Chamberlain*, 138 Or App 446, 453, 910 P2d 389, *rev den* 323 Or 265 (1996) (plaintiff waived any objection to the jury's verdict as inconsistent by "preparing and stipulating to the form of the verdict and by failing to object when the judge asked whether the verdict should be received"); *Kilgore v. People's Savings & Loan Assn.*, 107 Or App 743, 753, 814 P2d 163 (1991), *rev dismissed* 313 Or 300 (1992) (defendants failed to preserve their claim that the verdict was defective on the issue of damages by not objecting to the verdict and giving the trial court an opportunity to resubmit the case to the jury).

■ ■ Here, the trial court provided the parties with a memorandum opinion one month prior to entry of the judgment. That memorandum opinion set forth the trial court's determination of the various claims against the parties and included, in full detail, the various amounts of damages to be awarded. The judgment entered later memorialized exactly the court's earlier opinion. Plaintiff did not, however, bring the alleged violation of ORCP 67 C(2) to the court's attention. Rather, with full knowledge of the amount of damages to be awarded, plaintiff permitted judgment to be entered without objection, and he now raises his claim for the first time on appeal. We see no basis to distinguish this case from others

where we have required an alleged error to be raised at a time when the trial court could either address the claim or correct it if, in fact, there was error. Accordingly, we hold that plaintiff's challenge to the judgment on the ground that the damages awarded exceed the amount pleaded is unpreserved.[1]

Affirmed.

---

[1] Plaintiff urges us to reach the issue as "plain error" apparent on the face of the record. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991). For an error to satisfy that standard, it must be "obvious" and "not reasonably in dispute," and "the reviewing court must not need to go outside the record to identify the error." *Id.* Although plaintiff asserts that the court's judgment on its face exceeds the prayer, in fact, it does not. The judgment for money damages is in the amount of $43,632.33, and plaintiffs pleaded damages in an amount greater than that ($50,000). Thus, the judgment actually entered by the trial court did not, as defendants stress, exceed the prayed for amount, which is all that ORCP 67 C(2) by its express terms requires. Whether the policy reflected in ORCP 67 C(2) requires us to examine the court's method of arriving at a final damages figure, as opposed to merely considering the figure itself, is not clear. It is, in all events, a sufficient question to cause us to decline to reach the issue under the "plain error" standard. *See Ailes,* 312 Or at 381, and *McDonough,* 141 Or App at 122.