516 S.E.2d 506

**Lisa A. COMBS, Plaintiff Below, Appellant,**

v.

**John L. HAHN, M.D., Defendant Below, Appellee.**

No. 25824.

Supreme Court of Appeals of West Virginia.

Submitted May 11, 1999.

Decided June 11, 1999.

Laurie Garrigan McKowen, Kathleen T. Pettigrew, Masters & Taylor, Charleston, West Virginia, Peter C. Burnett, Burnett & Williams, Leesburg, Virginia, Attorneys for Appellant.

Susan S. Brewer, Jacqueline A. Jordon, Steptoe & Johnson, Morgantown, West Virginia, Attorneys for Appellee.

DAVIS, Justice:

Lisa A. Combs, the appellant herein and plaintiff below (hereinafter "Ms. Combs"), filed this appeal from a favorable jury verdict in a medical malpractice action against the appellee herein and defendant below, Dr. John L. Hahn (hereinafter "Dr. Hahn"). The jury awarded to Ms. Combs $16,125.00 for past medical expenses. However, the jury made no award for general damages (pain and suffering). After addressing the threshold question of whether Ms. Combs timely objected to a defect or irregularity in the verdict form, we resolve this appeal on the sole issue of whether the Circuit Court of Grant County committed error by denying Ms. Combs's motion for a new trial on the issue of damages.[1] Upon a review of the

---

1. Ms. Combs has asserted additional substantive trial errors. She argues that should this Court award a new trial on the issue of liability and the issue of damages, other substantive trial errors must be considered which include: (1) admission of speculative evidence as to causes of injury; (2) admission of evidence that Ms. Combs had a venereal disease; (3) failure to strike a juror for cause; (4) allowing a witness to testify as an expert; (5) failure to give a limiting instruction regarding defense counsel's remarks; and (6) giving defense Jury Instruction Number 8. In view of our decision to remand this case for trial only on the issue of damages, we need not address the other assignments of error.

arguments, the record presented on appeal, and the pertinent authorities, we first find, due to extenuating circumstances present in this case, that Ms. Combs's failure to timely object to the form of the jury verdict does not constitute a waiver of her objection. We further conclude that, because the jury clearly erred by failing to award general damages to Ms. Combs, she is entitled to a new trial on the issue of damages.

## I.

## FACTUAL AND PROCEDURAL HISTORY

On January 12, 1995, Ms. Combs gave birth to her second child at Grant Memorial Hospital. The treating physician was Dr. Hahn. During delivery, Ms. Combs suffered a laceration of the tissue between the vagina and the rectum. Dr. Hahn diagnosed the tear as only a second degree laceration.[2] Therefore, Dr. Hahn performed only the necessary repair for a second degree laceration. Ms. Combs was discharged from the hospital on January 13, 1995.

For several weeks after her discharge, Ms. Combs endured rectal bleeding and "foul" smelling blood clots. Ms. Combs was treated by Dr. Hahn on several occasions regarding her postpartum complaints. Unfortunately, Dr. Hahn failed to correctly diagnose the problem. In March of 1995, Ms. Combs contacted her regular treating physician, Dr. Elizabeth Hynes, and reported her problems. During the course of the next few months, tests and examinations were performed on Ms. Combs. As a result of her follow-up treatment, Ms. Combs was admitted to the University of Virginia Hospital on June 25, 1995, for surgical repair of a torn sphincter, bowel and rectovaginal fistula. This additional surgery was the result of Ms. Combs having sustained a fourth degree laceration during Dr. Hahn's delivery of her child.

On February 28, 1996, Ms. Combs filed this medical malpractice action against Dr. Hahn. Her complaint alleged Dr. Hahn was negligent in the failure to detect and repair the fourth degree laceration. A jury trial was held on February 17 through 20, 1998. The jury returned a verdict concluding that Dr. Hahn was negligent. However, the jury awarded to Ms. Combs only the stipulated past medical expenses of $16,125.00. Ms. Combs then moved the trial court for a new trial solely on the issue of damages.[3] On

2. A second degree laceration is one that extends to, but does not involve, the rectal sphincter and bowel mucosa.

3. The verdict form was set out and returned as follows:

IN THE CIRCUIT COURT OF GRANT COUNTY, WEST VIRGINIA

LISA A. COMBS,

Plaintiff,

v.                    CIVIL ACTION
JOHN L. HAHN, M.D.,          NO.96–C–10

Defendant.

*SPECIAL INTERROGATORIES AND VERDICT FORM*

*INTERROGATORY NO. 1:* Do you find from a preponderance of the evidence presented that Dr. Hahn was negligent in that he deviated from the standard of care in his treatment of plaintiff?

   X   Yes     No

IF YOU ANSWERED "NO" TO INTERROGATORY NO. 1, STOP HERE. HAVE YOUR FOREPERSON SIGN THIS FORM AND INSTRUCT THE BAILIFF THAT YOU ARE READY TO REPORT YOUR VERDICT.

IF YOU ANSWERED "YES," CONTINUE TO INTERROGATORY NO. 2.

*INTERROGATORY NO. 2:* Do you find from a preponderance of the evidence that Dr. Hahn's negligence proximately caused plaintiff's damages?

   X   Yes      No

IF YOU ANSWERED "NO" TO INTERROGATORY NO. 2, STOP HERE. HAVE YOUR FOREPERSON SIGN THIS FORM AND INSTRUCT THE BAILIFF THAT YOU ARE READY TO REPORT YOUR VERDICT.

IF YOU ANSWERED "YES," CONTINUE TO INTERROGATORY NO. 3.

*INTERROGATORY NO. 3:* We, the jury, find plaintiff's damages to be as follows:

Past medical bills .. $ 16,125.00

General damages ... $ _____

(past pain and suffering, future pain and suffering and emotional distress, etc.)

Total .............. $ _____

/s/ Gary S. Park
Foreperson
2–20–98
Date

July 7, 1998, the trial court entered an order denying the motion for a new trial on the issue of damages. It is from the circuit court's ruling that Ms. Combs now appeals.

## II.

### STANDARD OF REVIEW

■ This Court has held that "[i]n an appeal from an allegedly inadequate damage award, the evidence concerning damages is to be viewed most strongly in favor of the defendant." Syl. pt. 1, *Kaiser v. Hensley*, 173 W.Va. 548, 318 S.E.2d 598 (1983). "We will not find a jury verdict to be inadequate unless it is a sum so low that under the facts of the case reasonable men cannot differ about its inadequacy." Syl. pt. 2, *Fullmer v. Swift Energy Co., Inc.*, 185 W.Va. 45, 404 S.E.2d 534 (1991). In Syllabus point 3 of *Biddle v. Haddix*, 154 W.Va. 748, 179 S.E.2d 215 (1971), we ruled that:

> In a civil action for recovery of damages for personal injuries in which the jury returns a verdict for the plaintiff which is manifestly inadequate in amount and which, in that respect, is not supported by the evidence, a new trial may be granted to the plaintiff on the issue of damages on the ground of the inadequacy of the amount of the verdict.

Within the confines of this standard of review, we begin our analysis.

**4.** We say defect or irregularity because in this case no dollar amount (not even a zero dollar amount) was entered on the verdict form for general damages. Also, no dollar amount was entered for the total award.

**5.** In the context of a criminal proceeding, we held in Syllabus point 4 of *State v. Friedley*, 73 W.Va. 684, 80 S.E. 1112 (1914), that "[w]here in such a case the jury fails to respond to the issue on defendant's special plea, he does not waive his right to a verdict on both issues by omitting to object to the verdict before the jury is discharged."

**6.** In *Michigan National Bank v. Mattingly*, 158 W.Va. 621, 212 S.E.2d 754 (1975), the plaintiff sought $2,932.50 on a contract claim, but the jury awarded the plaintiff $609.02. The trial court entered the jury verdict over the plaintiff's objection to the form of the jury verdict. The defense involved the usury statute which requires a specific finding of usury in the jury's verdict.

## III.

### DISCUSSION

#### A. The Effect Of Failing To Object To The Form Of A Verdict Before The Jury Is Discharged

Before reaching the merits of this appeal, this Court must determine whether Ms. Combs raised a timely objection to the defect or irregularity in the form of the verdict returned by the jury.[4] The facts show that Ms. Combs objected to the form of the verdict after the jury was discharged. This Court has not expressly addressed the issue, in the context of a civil action,[5] of the effect of failing to object to the form of a verdict returned by a jury before the jury is discharged.[6] Courts addressing this precise issue have responded that, as a general matter, "[t]o assert on appeal that the verdict is defective, a party must object to the verdict when it is returned and prior to the jury's discharge ." *McDougal v. Griffith*, 156 Or. App. 83, 87, 964 P.2d 1135, 1136 (1998). *See North Am. Catamaran Racing Ass'n, Inc. v. McCollister*, 480 So.2d 669, 671 (Fla.Dist.Ct. App.5.1985) ("[A] party must object to defective verdict forms or inconsistent verdicts before the jury is discharged to preserve the claim" (citations omitted)).[7] The rationale for the rule is, that it "is required in order to

However, the jury did not make such a specific finding. In reversing the decision in the case, we made the following observations:

> Counsel ... timely and specifically objected to the form of the verdict while the jury was yet empaneled. The court could have then corrected its error by having the jury reconsider the salient elements and compute the verdict accordingly. The plaintiff obviously did not waive its right to have the jury directed as contemplated by the statute. Failing to have done so, the court committed reversible error.

*Mattingly*, 158 W.Va. at 628–29, 212 S.E.2d at 759.

**7.** Analysis of this issue under Rule 49 of the West Virginia Rules of Civil Procedure is not warranted because of the nature of the verdict form used in this case. Rule 49 provides:

> (a) *Special verdicts.* The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible

give the trial court the opportunity to correct any infirmity in the verdict while correction is still possible." *State Farm Mut. Auto. Ins. Co. v. Weber*, 767 S.W.2d 336, 338 (Mo. Ct.App.1989). *Accord P.A.M. Trans., Inc. v. Arkansas Blue Cross & Blue Shield*, 315 Ark. 234, 242, 868 S.W.2d 33, 37 (1993).

Courts hold broadly that "[w]here a party fails to object to the form of the verdict before the jury is discharged, the objection is waived." *Rodebush v. Oklahoma Nursing Homes, Ltd.*, 867 P.2d 1241, 1245 n. 2 (Okla. 1993) (citation omitted).[8] However, a few courts have qualified the waiver rule on cer-

of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires the party demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.

(b) *General verdict accompanied by answer to interrogatories.* The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious, the court shall direct the entry of the appropriate judgment upon the verdict and answers. When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict or may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers and verdict or may order a new trial. While it may appear that the verdict form used in this case was a Rule 49(b) type verdict form, it, in fact, was not. The verdict form in this case was a general verdict form that set out "causation" and "proximate cause". Rule 49(b) contemplates a general verdict form with "written

interrogatories upon one or more issues of fact the decision of which is necessary to a verdict," not interrogatories setting out legal or liability conclusions.

We note some observations regarding Rule 49 of the Federal Rules of Civil Procedure, which is similar to this Court's Rule 49. As to Federal Rule 49(a) ("Special Verdicts."), the decisions of the federal circuit courts of appeals vary on whether failure to object before discharge of the jury waives objection to an inconsistent verdict. *Compare Pierce v. Southern Pac. Transp. Co.*, 823 F.2d 1366, 1370 (9th Cir.1987) (rule that objections to inconsistent jury verdict must be made before jury is discharged does not apply to special verdicts) *with Masure v. Donnelly*, 962 F.2d 128, 134 (1st Cir.1992) (finding waiver of right to contest inconsistencies in special verdict when objecting party failed to point out inconsistencies before jury was discharged). *See also Bates v. Jean*, 745 F.2d 1146, 1150 (7th Cir.1984) (noting split in federal circuits over whether failure to object to inconsistency in special verdict before jury discharge results in waiver).

In contrast, most federal courts deciding cases under Rule 49(b) ("General Verdict accompanied by answer to interrogatories") have held that failure to raise the issue of verdict inconsistency before discharge of the jury results in waiver. *See Williams v. KETV Television, Inc.*, 26 F.3d 1439, 1443 (8th Cir.1994) (a party waives any objection to an inconsistent verdict under Fed. R.Civ.P. 49(b) by failing to object before jury is discharged); *Lockard v. Missouri Pac. R.R.*, 894 F.2d 299, 304 (8th Cir.1990) (same); *White v. Celotex Corp.*, 878 F.2d 144, 146 (4th Cir.1989) (same); *United States Football League v. National Football League*, 842 F.2d 1335, 1367 (2nd Cir. 1988) (same); *Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd.*, 791 F.2d 1416, 1423 (10th Cir. 1986) (trial court erred in granting new trial because party's failure to object to inconsistency in jury verdict under Fed.R.Civ.P. 49(b) before discharge of jury constituted waiver).

8. *Accord Blumenshine v. Baptiste*, 869 P.2d 470, 473 (Alaska 1994); *Henrioulle v. Marin Ventures, Inc.*, 20 Cal.3d 512, 522, 143 Cal.Rptr. 247, 253, 573 P.2d 465, 471 (1978); *Hamilton v. Wrang*, 221 A.2d 605, 606 (Del.1966); *Douglass v. Safire*, 712 S.W.2d 373, 374 (Mo.1986); *Eberhard Mfg. Co. v. Baldwin*, 97 Nev. 271, 273, 628 P.2d 681, 682 (1981); *Dunn v. Moss*, 193 A.D.2d 983, 985–86, 598 N.Y.S.2d 350, 352 (1993); *Davis v. Hinman*, 288 Or. 505, 509, 605 P.2d 700, 702 (1980); *Krock v. Chroust*, 330 Pa.Super. 108, 117, 478

tain grounds. Some courts have held that if the trial court affords no "opportunity [to object] prior to discharging the jury from further service, waiver of the issue d[oes] not occur." *Nelson v. Sigman,* 558 N.E.2d 1115, 1117 (Ind.Ct.App.1990). *See also Mielitz v. Schmieg,* 461 N.W.2d 763 (S.D.1990) (jury discharged before opportunity to object). Other courts have held that "there is no waiver of this issue when the plaintiff has filed a motion for new trial which challenged a zero verdict after a jury found liability." *Cowen v. Thornton,* 621 So.2d 684, 687 (Fla. Dist.Ct.App.1993). *Accord Barnes v. Oswalt,* 579 So.2d 1319, 1321 (Ala.1991).

At least one jurisdiction has made a distinction, for waiver purposes, between a verdict that is defective in form and a verdict that is defective in substance. In *Anderson's Executrix v. Hockensmith,* 322 S.W.2d 489 (Ky.1959), the Supreme Court of Kentucky ruled as follows:

> A responsibility rests upon a litigant who desires a verdict which is irregular in form to be clarified to request that it be done, and to specify the particulars before the members of the jury are discharged. If he fails to do so, he will be deemed to have waived his right where the error is a defect in the form of the verdict and does not affect the merits or the rights of the parties. The right after waiver cannot be reclaimed and revived by a motion for a new trial. However, where a verdict is so uncertain, ambiguous, contradictory, or illogical that it cannot be clearly ascertained who it is for or against or what facts were found and the court cannot reasonably construe the language so as to give effect to what the jury unmistakably found as a basis of a judgment thereon, the vice in the verdict is more than formal. Such a condition is of the substance and affects the merits of the case. Where a verdict is of that character, the party against whom the judgment goes does not waive the defect by failing to ask that the jury clarify the

verdict. He may raise the question on a motion for a new trial and the court should grant it.

*Anderson's Executrix,* 322 S.W.2d at 490–491.

To assert on appeal or at the trial court level that a jury verdict is defective or irregular in any respect, a party must object to the verdict when it is returned and prior to the jury's discharge. Thus, in view of the authorities cited, we hold that absent extenuating circumstances, the failure to timely object to a defect or irregularity in the verdict form when the jury returns the verdict and prior to the jury's discharge, constitutes a waiver of the defect or irregularity in the verdict form.[9]

In the instant proceeding, Ms. Combs did not object to the form of the jury's verdict until after the jury was discharged. Ms. Combs contends, and we agree, that she did not have an opportunity to object before the jury was discharged. The primary reason is the manner in which the trial court read the jury verdict to the parties. During oral argument before this Court, counsel for Ms. Combs stated that counsel did not understand the trial court's reading of the verdict form to indicate that no award was set out for general damages. More importantly, the trial court immediately discharged the jury after reading the verdict. In fact, the parties were not afforded an opportunity to actually see the verdict form until after the jury was discharged. The events which transpired when the jury returned its verdict are outlined below:

> THE COURT: Do you find from a preponderance of the evidence presented that Dr. Hahn was negligent in that he deviated from the standard of care in his treatment of plaintiff? The answer is, Yes. Did you find from a preponderance of the evidence that Dr. Hahn's negligence proximately caused the plaintiff's damages? Yes. We,

A.2d 1376, 1381 (1984); *Collins v. Johnson,* 245 S.C. 215, 224, 139 S.E.2d 915, 919 (1965); *Ciba–Geigy Corp. v. Stephens,* 871 S.W.2d 317, 324 (Tex.App.1994); *Smith v. Shreeve,* 551 P.2d 1261, 1262 (Utah 1976); *Gjerde v. Fritzsche,* 55 Wash. App. 387, 393, 777 P.2d 1072, 1075 (1989); *Gog-*

*gins v. Harwood,* 704 P.2d 1282, 1291 (Wyo. 1985).

**9.** It should be made clear that this holding is applicable only to non-Rule 49 verdict forms.

the jury, find the plaintiff's damages to be as follows: $16,125. Signed/ Gary S. Park, 2/20/98. Is this the verdict of each and every member of the jury? If so, please raise your hand. One, two, three, four, five, six. The verdict is unanimous. The Court accepts the jury verdict. You are excused. I thank you for your service. You are now excused to go. (Jury left the courtroom.) You may make the appropriate motions in 'writing within the times prescribed by the Rules. If anything else is needed, please indicate to me now and we'll set a time for it.

■ While the facts of this case evidence extenuating circumstances to nullify application of the waiver rule for untimely objecting to the form of the verdict, we believe a prophylactic procedure should be imposed upon trial courts with respect to allowing the parties to actually view the verdict form before the jury is discharged. Had the trial court permitted the parties to actually see and review the verdict form before discharging the jury, the trial court may have required the jury to deliberate further on the issue of general damages. Therefore, we hold that trial courts are required, *sua sponte*, prior to discharging the jury, to allow

counsel to review a returned jury verdict form.[10]

### B. Inadequacy of Damages

■ On the merits of this case, the sole issue for resolution is whether the verdict awarded to Ms. Combs is so inadequate as to require reversal of the damage issue and award a new trial. We need not labor long to resolve this issue. The facts of this case fall squarely under typology four from our decision in *Freshwater v. Booth*, 160 W.Va. 156, 233 S.E.2d 312 (1977), *overruled, in part, by Linville v. Moss*, 189 W.Va. 570, 433 S.E.2d 281 (1993). A type four case is one in which:

the issue of liability has been so conclusively proven that an appellate court may infer that the jury's confusion was with regard to the measure of damages and not to liability. In this type of case an appellate court can feel justified in remanding the case for a new trial on the issue of damages alone because it would be unfair to put the plaintiff to the expense and aggravation of proving liability once again when he has been denied a proper and just verdict by the caprice and incompetence of a particular jury.[11]

---

10. We emphasize that trial courts shall, without need for motions from any party, show the returned verdict form to each party before discharging the jury.

11. We described typologies one, two and three in *Freshwater* as follows:

The easiest type of inadequate jury award is where the plaintiff would have been entitled to a directed verdict on liability as a matter of law, and the damages are inadequate even when viewed most strongly in favor of the defendant. In this type of case an appellate court need not agonize about reversing and remanding for a new trial on the issue of damages alone and that is the proper course....

The second type of case is one where liability is strongly contested and the award of damages is clearly inadequate if liability were proven.... In this situation an appellate court cannot infer from the jury verdict alone whether the jury were confused about the proper measure of damages or whether they were confused about the proper rules for determining liability, or both. These cases represent an extreme example of the compromise verdict

which in its less oppressive form has historically been rejected in theory by all appellate courts, yet accepted in practice by almost every bar and bench.
. . . .
The third type of case is the defendant's verdict perversely expressed and involves a factual situation in which liability is either tenuous or at least strongly contested by the defendant and the award of damages is so inadequate as to be nominal under the evidence in the case. Usually these cases do not provide a situation in which the defendant would have been entitled to a directed verdict on liability as a matter of law; nonetheless, because the plaintiff's evidence of liability is so questionable and the damage award so nominal, an appellate court may reasonably infer that even though the jury were sympathetic toward the plaintiff, they could award him only a nominal sum as an act of mercy, and if interrogated in depth would have admitted that they did not really believe the defendant to be liable.
*Freshwater v. Booth*, 160 W.Va. 156, 160–163, 233 S.E.2d 312, 315–316 (1977), (internal citations omitted), *overruled, in part, by Linville v. Moss*, 189 W.Va. 570, 433 S.E.2d 281 (1993).

*Id.* at 164, 233 S.E.2d at 317 (footnote added).[12]

While we have considered Dr. Hahn's arguments to the contrary, we are convinced that this is a *Freshwater* type four case.[13] Liability was conclusively proven. Indeed, it would have been exceedingly difficult to prove that Ms. Combs shared any of the blame for the fourth degree laceration. The jury attributed 100% of the fault to Dr. Hahn for good reason. We see no need for a new jury to revisit the issue.[14] We are satisfied that the only effect of ordering a new trial on both liability and damages would be to charge Ms. Combs with the additional burden of proving again an issue upon which she has already unquestionably prevailed.[15]

■ The evidence presented at trial clearly established that Ms. Combs endured pain and suffering as a result of Dr. Hahn's negligence. Ms. Combs tendered evidence that her ability to engage in intimate relations has been compromised due to pain that can be alleviated only through an apparently risky surgery. The jury clearly erred by failing to award Ms. Combs general damages that included, among other considerations, compensation for past and future pain and suffering.[16]

12. In *Linville v. Moss*, 189 W.Va. 570, 433 S.E.2d 281 (1993), this Court discussed the viability of the four typologies established in *Freshwater:*

> The viability of the *Freshwater v. Booth,* 160 W.Va. 156, 233 S.E.2d 312 (1977), analytical framework for types 2 and 3 cases is limited by the advent of comparative negligence, because it is no longer necessary to look behind the verdict form on appeal to determine the jury's view on liability. *Freshwater* types 1 and 4, which themselves are close siblings, continue to exist based on a court's inherent right to set aside a verdict when it is not supported by the evidence.

Syl. pt. 5, *Linville,* 189 W.Va. 570, 433 S.E.2d 281.

> In categorizing future cases of alleged verdict inadequacy, the concepts which underlie *Freshwater v. Booth,* 160 W.Va. 156, 233 S.E.2d 312 (1977), types 1 and 4 remain viable. Where, despite precise assessment of fault by a jury, a type 2 situation still exists, in which it is clear to a reviewing court that under all the evidence the jury must have been confused on liability, a case may be remanded on all issues.

## IV.

## CONCLUSION

In view of the foregoing, we reverse the trial court's order denying a new trial on the issue of damages and remand this case for a new trial on damages.

Reversed and Remanded.

Syl. pt. 6, *Linville, id.*

13. Dr. Hahn argues that this is a *Freshwater* type three case.

14. The jury specifically found that Dr. Hahn was negligent and that his negligence was the proximate cause of Ms. Combs's injury.

15. We are not persuaded by Dr. Hahn's arguments for ordering a new trial on both damages and liability should this Court determine that a reversal is warranted. The evidence in this case is simply too strong on the issue of liability to require a retrial of this conclusively determined issue.

16. "Future damages are those sums awarded to an injured party for, among other things: (1) Residuals or future effects of an injury which have reduced the capability of an individual to function as a whole [person]; (2) future pain and suffering; (3) loss or impairment of earning capacity; and (4) future medical expenses." Syl. pt. 10, *Jordan v. Bero,* 158 W.Va. 28, 210 S.E.2d 618 (1974).