No. 19-0010    *Christopher McKenzie v. Donald L. Sevier and Cassandra Sevier*

**FILED**
**December 21, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Jenkins, Justice, concurring, in part, and dissenting, in part:

I agree with the majority's affirmance of the circuit court's assessment of the costs of the jury trial to Donald Sevier ("Mr. Sevier") and Cassandra Sevier ("Mrs. Sevier") (collectively "the Seviers").  Additionally, I agree with the majority's affirmance of the circuit court's imposition of sanctions against the Seviers for discovery misconduct.  However, that is where my agreement with the majority comes to an end.  I cannot agree with the majority's determination that the jury's damage award is inadequate and inherently inconsistent with the evidence presented at trial.

This matter stems from a very unfortunate series of events between neighbors on July 7, 2015.  Apparently, the neighborly relationship between Christopher McKenzie ("Mr. McKenzie") and the Seviers had become very tumultuous, to say the least, over the years.  There were significant allegations that over the course of several years, including on the day of the incident at issue, Mr. McKenzie made sexually vulgar and wholly inappropriate and insulting remarks directed towards Mrs. Sevier and the Seviers' two minor daughters.[1]  During this particular dispute on July 7, after certain remarks were

---

[1] One such daughter was under the age of ten at the time of the incident at issue and has Down Syndrome.  These remarks include calling the one daughter a "retard" and stating that Mr. McKenzie had engaged in sexual acts with Mrs. Sevier.

1

exchanged between the parties, Mr. Sevier punched Mr. McKenzie in the face. Mr. McKenzie fell, and he suffered an injury he alleges was caused by Mr. Sevier's actions. This matter went to a jury trial where the jury found Mr. Sevier liable for battery; however, it awarded no damages.[2]

At the outset, it must be stated that this Court does not take lightly reversing and setting aside a verdict or damages award determined by a jury. "In our system of justice, the importance and power of the jury is unquestioned. For this reason, . . . a jury's verdict is held to be sacrosanct. Absent a compelling reason, a trial court will be loath to overturn a verdict and will seldom grant a new trial where a verdict has been returned by a jury." Daniel E. Cummins, Stephen T. Kopko, *Litigating the Zero Verdict*, 41 Pa. Law. 34, 35 (September/October 2019). *See also Herriman v. May*, 174 P.3d 156, 159 (Wash. App. 2007) ("Juries have considerable latitude in assessing damages, and a jury verdict will not be lightly overturned. *Palmer v. Jensen*, 132 Wash.2d 193, 197, 937 P.2d 597 (1997)[.]" Furthermore,

> a jury's verdict is generally held to be the final word on the case presented. This is so because it is the members of a jury who most intently see, hear and assess the witnesses as they testify during the course of the trial. Jurors "watch [the witnesses] as they sweat, stutter, or swagger under the pressure of cross-examination. This enables the jury to develop a feel for the case and its personal dynamics which cannot be conveyed by the cold printed page of a record reproduced for

---

[2] In fact, the same jury found that Mr. McKenzie had used insulting words in harm of Mrs. Sevier during this same incident, but also awarded her zero dollars in compensatory damages.

2

appellate review." *Boscia v. Massaro*, 529 A.2d 504, 508 (Pa. Super. 1987).

Cummons, *supra*, at 35.

This Court specifically stated in *Bressler v. Mull's Grocery Mart*, 194 W. Va. 618, 622, 461 S.E.2d 124, 128 (1995), that "[l]ike a finding of liability, an award of damages, is a factual determination reserved for the jury." Furthermore,

> [e]mphasizing the discretionary nature of jury awards in syllabus point two of *Richmond v. Campbell*, 148 W. Va. 595, 136 S.E.2d 877 (1964), we articulated:
>
> > Compensation for pain and suffering is an indefinite and unliquidated item of damages, and there is no rule or measure upon which it can be based. The amount of compensation for such injuries is left to the sound discretion of the jury, and there is no authority for a court to substitute its opinion for that of the jury. A mere difference in opinion between the court and the jury as to the amount of recovery in such cases will not warrant the granting of a new trial on the ground of inadequacy unless the verdict is so small that it clearly indicates that the jury was influenced by improper motives.

*Big Lots Stores, Inc. v. Arbogast*, 228 W. Va. 616, 620-21, 723 S.E.2d 846, 850-51 (2012).

We have explained that

> [i]t is true that courts are most reluctant to set aside jury verdicts as to damages, and this is particularly true as to inadequate damages. The courts usually state that though they might have awarded a greater or lesser amount than that contained in the jury verdict, they will not substitute their views for that of the jury.

It is also true that there is no market price or monetary equivalent for pain and suffering or for injuries of a nonpermanent nature, and that a jury award for these will generally not be disturbed because of the small amount awarded. A different issue is presented, however, where there is uncontradicted evidence that there was substantial injury for which the jury has made no award of damages in any amount.

Each case, however, must be determined on its particular facts.

*Keiffer v. Queen*, 155 W. Va. 868, 873-74, 189 S.E.2d 842, 845 (1972).

While the majority spends the lion's share of its analysis examining the evidence presented in this case and whether it supports the jury's award of zero-dollar compensatory damages, I find that the issue in this case is much simpler. This all comes down to waiver: Petitioner, under this particular set of facts, waived any right to dispute the adequacy of the damages awarded by failing to raise the issue at the time the verdict was handed down before the jury was dismissed. The majority summarily dismisses the issue of waiver in a footnote within the opinion. The entirety of the majority's analysis regarding waiver is as follows:

Mr. McKenzie argues that the jury's verdict is either inadequate, inconsistent, or both. We find that the arguments before us are more suited to a discussion of the adequacy of a zero-dollar damage award as inconsistent with the evidence presented at trial as opposed to a procedural objection to a defect in the verdict form itself. For that reason, we need not analyze whether Mr. McKenzie waived his right to challenge an inconsistent verdict by not objecting to the verdict before the jury was dismissed. *See* Syl. Pt. 4, *State ex. rel Valley Radiology, Inc. v. Gaughn*, 220 W. Va. 73, 640 S.E.2d 136 (2006) ("The general rule of waiver established by this Court in *Combs v. Hahn*, 205 W. Va. 102, 516 S.E.2d 506 (1999),

which requires that any objections to the verdict form based on defect or irregularity be made prior to the jury's dismissal, is not applicable to post-trial motions seeking relief based on the inadequacy of the damages awarded.").

__ W. Va. __, __ n.32, __ S.E.2d __, __ n.32 (Nov. 18, 2020) (Slip Op. at 26 n.32).

I acknowledge that this Court previously has held that "[t]he general rule of waiver established by this Court in *Combs v. Hahn*, 205 W. Va. 102, 516 S.E.2d 506 (1999), which requires that any objections to the verdict form based on defect or irregularity be made prior to the jury's dismissal, is not applicable to post-trial motions seeking relief based on the inadequacy of the damages awarded." Syl. pt. 4, *State ex rel. Valley Radiology, Inc. v. Gaughan*, 220 W. Va. 73, 640 S.E.2d 136 (2006). However, this syllabus point is not applicable to the instant matter.

Prior to *Gaughan*, this Court decided *Combs v. Hahn*, 205 W. Va. 102, 516 S.E.2d 506 (1999). In *Combs*, Ms. Combs filed an action against Dr. Hahn alleging medical negligence in failing to detect and repair a fourth degree laceration. *Id.* at 104, 516 S.E.2d at 508. A jury trial was held, and it returned a verdict concluding that Dr. Hahn was negligent. *Id.* However, the jury awarded to Ms. Combs only the stipulated past medical expenses of $16,125.00 and zero dollars for pain and suffering. *Id.* Subsequently, Ms. Combs moved the circuit court for a new trial solely on the issue of damages which was denied. *Id.* at 104-05, 516 S.E.2d 508-09. Ms. Combs then appealed to this Court. *Id.* at 105, 516 S.E.2d 509. As a threshold issue, we had to decide whether Ms. Combs

"raised a timely objection to the defect or irregularity in the form of the verdict returned by the jury." *Id.* (footnote omitted). After examining other jurisdictions, this Court ultimately held in Syllabus point 2 that "[a]bsent extenuating circumstances, the failure to timely object to a defect or irregularity in the verdict form when the jury returns the verdict and prior to the jury's discharge, constitutes a waiver of the defect or irregularity in the verdict form." Syl. pt. 2, *Combs*, 205 W. Va. 102, 516 S.E.2d 506. However, in *Combs*, we found extenuating circumstances to exist because

> [Ms. Combs] did not have an opportunity to object before the jury was discharged. The primary reason is the manner in which the trial court read the jury verdict to the parties. During oral argument before this Court, counsel for Ms. Combs stated that counsel did not understand the trial court's reading of the verdict form to indicate that no award was set out for general damages. More importantly, the trial court immediately discharged the jury after reading the verdict. In fact, the parties were not afforded an opportunity to actually see the verdict form until after the jury was discharged.

*Id.* at 107, 516 S.E.2d at 511. Because of these extenuating circumstances, this Court went on to decide the merits of the case: the sole issue for resolution, much like the issue before this Court in the instant matter, was "whether the verdict awarded to Ms. Combs [wa]s so inadequate as to require reversal of the damage issue and award a new trial." *Id.* at 108, 516 S.E.2d at 512.

Following *Combs*, we examined a similar issue in a footnote in *Marsch v. American Electric Power Co.*, 207 W. Va. 174, 179 n.6, 530 S.E.2d 173, 178 n.6 (1999). We observed as follows:

Ohio Power has also forwarded the argument that the Appellants waived their right to claim inadequacy of the damages since they did not object to the verdict form at trial, which read as follows: "[s]tate the amount of damages, if any, that Harold Marsch is entitled to recover for the following items." Ohio Power maintains that the phrase "if any" welcomed the jury to award nothing for some elements. Ohio Power further contends that since the Appellants did not object to that language, they are now barred from claiming inadequacy. We explained in syllabus point two of *Combs v. Hahn*, 205 W. Va. 102, 516 S.E.2d 506 (1999), that "[a]bsent extenuating circumstances, the failure to timely object to a defect or irregularity in the verdict form when the jury returns the verdict and prior to the jury's discharge, constitutes a waiver of the defect or irregularity in the verdict form." The defect in *Combs* was the jury's failure to place any dollar amount on the verdict form for general damages. In the present case, a zero was placed on the appropriate lines for the jury's determination of damages, and the Appellants are not raising any issues of verdict defect or irregularity on appeal.

Ohio Power also asserts that the Appellants have waived their inadequacy claim on appeal by failing to raise an inconsistency objection when the verdict was returned. However, as the Appellants emphasize, their precise challenge on appeal is neither to the verdict form nor any inconsistency of the jury verdict. Rather, their challenge is to the inadequacy of the damages awarded by the jury, which requires no trial objection to preserve the issue for appellate review. In its allegations of waiver, Ohio Power blurs the lines between three distinct issues: defective verdict forms, inconsistency of the verdict, and inadequacy of the damages. We find no merit to Ohio Power's claim of waiver in this case. We, therefore, address the merits of the Appellants' claims of inadequacy."

*Id.* at 179 n.6, 530 S.E.2d at 178 n.6.

Subsequently, this Court once again examined the issue of waiver in *State ex rel. Valley Radiology, Inc. v. Gaughan*, 220 W. Va. 73, 640 S.E.2d 136 (2006). In Syllabus point 4 of *Gaughan* we held that "[t]he general rule of waiver established by this Court in

7

*Combs v. Hahn*, 205 W. Va. 102, 516 S.E.2d 506 (1999), which requires that any objections to the verdict form based on defect or irregularity be made prior to the jury's dismissal, is not applicable to post-trial motions seeking relief based on the inadequacy of the damages awarded." Syl. pt. 4, *Gaughan*, 220 W. Va. 73, 640 S.E.2d 136. In *Gaughan*, the estate of a deceased patient brought a wrongful death action alleging that Valley Radiology failed to timely diagnose blood clotting, resulting in the patient's untimely death. *Id.* at 74, 640 S.E.2d at 137. The jury awarded zero damages for sorrow, mental anguish, and lost income. *Id.* at 75-76, 640 S.E.2d at 138-39. Two weeks after the verdict was rendered, the estate moved for a new trial on the ground that the verdict was inadequate. *Id.* at 76, 640 S.E.2d at 139. Subsequently, the trial court granted the motion and found that the verdict was the result of juror prejudice and that it would not be "'practical to send the same jurors back to consider the issue of damages because there was almost no chance they could return a fair verdict.'" *Id.* at 76, 78, 640 S.E.2d at 139, 141. The matter was then appealed to this Court. On appeal, Valley Radiology argued that the estate waived the right to challenge the verdict by failing to object prior to the jury's discharge; however, we disagreed and declined to apply the waiver rule because "there was no confusion as to what the jury intended to award." *Id.* at 76-77, 640 S.E.2d at 139-40. In other words, the verdict form was complete and there was no potential confusion or misunderstanding as to what the jury meant to award.

Both *Combs* and *Gaughan* involve the potential inadequacy of damages. It appears that the distinguishing factors between the two and how waiver is applied are that the *Combs* verdict form left certain items blank while the verdict form in *Gaughan* was

8

completely filled out and that in *Gaughan* there was an issue that permeated throughout regarding potential jury bias.

Here, this matter falls more in line with *Combs* than it does with *Gaughan*. First, it is undisputed that there was no objection made regarding the verdict prior to the dismissal of the jury.[3] Second, unlike *Gaughan* the jury verdict form in the case *sub judice* was not completely filled out by the jury as there were several blanks left on the verdict form, including all distinct subcategories of the compensatory damages section. There was a zero-dollar figure on the line for total compensatory damages. However, despite being asked by the circuit court if either counsel desired to poll the jury, each individual jury member was never polled as to whether they fully intended to award zero dollars for the subcategories of past medical and hospital expense; past loss of enjoyment, physical pain and suffering, mental anguish, aggravation, and emotional distress; and future loss of enjoyment, physical pain and suffering, mental anguish, aggravation, and emotional distress. Accordingly, despite the fact that there was a number under total compensatory damages, because there were several subcategories of the verdict form left blank there was some potential for uncertainty and misunderstanding by the jury that could have potentially been clarified by the jury had the objection been raised before the jury was dismissed. Additionally, it does not appear that there were any allegations that the jury was somehow

---

[3] The circuit court explicitly asked "[f]or the record" if there was "any objection to the [v]erdict [f]orm." Both counsel explicitly stated there were no objections.

9

biased against or for any party or was wrongfully influenced or that there were any improper motives.

In conclusion, because there were issues with the verdict form and Mr. McKenzie failed to timely object to the verdict form prior to the dismissal of the jury, I respectfully dissent from the majority's determination that the issue on whether the damages in this matter are inconsistent and/or inadequate has not been waived. I am authorized to state that Chief Justice Armstead joins me in this separate opinion.